Continental Air Transport Co., Inc., Appellee, v. Charles F. Carpentier, Secretary of State of State of Illinois, Joseph D. Bibb, Director of Public Safety, State of Illinois, and William H. Morris, Superintendent, State Highway Police, State of Illinois, Appellants.

**Gen. No. 47,479.**

First District, Second Division.

July 3, 1958.

Released for publication September 18, 1958.

Latham Castle, Attorney General (William C. Wines, Raymond S. Sarnow, A. Zola Groves, and Bernard Genis, Assistant Attorneys General, of counsel) for defendants-appellants.

Lee A. Freeman, of Chicago, for plaintiff-appellee.

JUSTICE MURPHY delivered the opinion of the court.

This is an interlocutory appeal from an order denying defendants' motions to dissolve a temporary injunction.

Continental Air Transport Company, plaintiff, made application for licenses under Section 3—801(f) of the Illinois Motor Vehicle law (Ill. Rev. Stat. 1957, Chap. 95½[, § 3—801(f)]), which is applicable to "busses in a public system for transporting more than seven passengers, which vehicles are used as common carriers . . . and not devoted to any specialized purpose." The fee for such a vehicle is $2 per calendar year, and the owner of the vehicle is exempt from paying either a flat weight tax or mileage tax.

The Secretary of State, after a hearing, denied the licenses on the ground that plaintiff's buses, which are used exclusively as conveyances between Chicago's two airports and the Chicago Loop, Evanston and Oak Park, were operated as airport buses and for a "specialized purpose," and were not in the general transportation of passengers. The difference between fees tendered and demanded was $5,000, and plaintiff filed a $5,600 surety bond conditioned upon his defeat.

The plaintiff sought judicial relief by proceeding under the Administrative Review Act (Ill. Rev. Stat. 1957, Chap. 110, §§ 264–279) and impleaded, as defendants, Charles F. Carpentier, Secretary of State, Joseph D. Bibb, Director of Public Safety, and William H. Morris, Superintendent, State Highway Police. On the application of plaintiff, the trial court issued an injunction, restraining all three defendants from enforcing the provisions of the Illinois Motor Vehicle law, and otherwise interfering with the operation of plaintiff's transportation services pending "full judicial review" of the Secretary of State's refusal to grant plaintiff's application for licenses under Section 3—801(f).

The pleadings consist of the complaint, plaintiff's motion for temporary injunction, and the motions of defendants to dissolve the injunction. The injunction issued on the pleadings.

The principal questions are: (1) whether the trial court properly issued the restraining order against the enforcing officers until judicial review determined the correctness of the license refusal; and (2) the inclusion, as defendants in the Administrative Review proceedings, of State officials who were not parties of record to the proceedings before the administrative agency.

██ The powers of the trial court in proceeding under the Administrative Review Act are set forth in Section 12 of the Act ([Ill. Rev. Stats. 1957,] Chap. 110, § 275), and (1) (a) provides that upon notice to the agency, and good cause shown, the trial court has the power "to stay the decision of the administrative agency in whole or in part pending the final disposition of the case." Defendants have cited no authority to indicate that this does not mean what it says. We believe the trial court had the power to grant a stay in the instant case and to use the conventional powers of a court of chancery to implement the stay until the final disposition of the case, by the issuance of an injunction against proper parties. Scripps-Howard Radio, Inc. v. Federal Communications Commission, 316 U. S. 4, 14, 16 (1942).

██ Defendants contend that defendants Bibb and Morris were improperly included in the Administrative Review proceedings and in the injunction order, because they were not parties in the proceedings before the Secretary of State and had no opportunity to be heard there. Section 8 of the Administrative Review Act ([Ill. Rev. Stats. 1957,] Chap. 110, § 271) provides that "the administrative agency and all per-

sons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." This section indicates the *indispensable parties* in an action to review the final decision of an administrative agency. Bibb and Morris were not involved in the proceedings before the Secretary of State, but they were necessary parties to give effect to the temporary restraining order, which prevented interference with plaintiff's transportation service pending review. If they were not restrained, plaintiff would suffer the imposition of penalties and irreparable injury from the attempts of the defendants to perform their duties.

The Administrative Review Act, Section 14 ([Ill. Rev. Stats. 1957,] Chap. 110, § 277), provides that the "Civil Practice Act" shall apply to all proceedings thereunder, except as otherwise provided. Section 24 of the Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 24] permits joinder of defendants who are necessary for the complete determination or settlement of any question involved in the controversy. Construing these statutory provisions in the light of the directions expressed in the Civil Practice Act (§ 4) [Ill. Rev. Stats. 1957, ch. 110, § 4] for liberal construction, "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties," we hold that Bibb and Morris were proper and necessary parties to the extent they were included in the Review proceedings.

██ We do not agree with defendants' contention that plaintiff had an adequate remedy by paying the license fees under protest and suing for recovery under the provisions of the Protest Act (Ill. Rev. Stat. 1957, Chap. 127, § 172). That means of securing a judicial review of the license denial in the instant case was supplanted by legislation effective January 1, 1958 (Ill. Rev. Stat. 1957, Chap. 95½, § 2—117), wherein it

is provided that the action of the Secretary of State in suspending, revoking or denying any registration, license or permit, or certificate of title, shall be subject to judicial review under the provisions of the Administrative Review Act. Where the Administrative Review Act has been, by express reference, adopted by the act creating or conferring power on the administrative agency, it has been held under Section 2 of the Administrative Review Act ([Ill. Rev. Stats. 1957,] Chap. 110, § 265) that the employment of the pre-existing methods of securing judicial review is prohibited. Moline Tool Co. v. Department of Revenue, 410 Ill. 35 (1951).

■ Defendants' contention that the instant proceedings are prohibited by Article IV, § 26, of the Illinois Constitution, which prohibits suits against the State, is answered by the decision in Moline Tool Co. v. Department of Revenue, supra, wherein it was said, in similar proceedings under the Administrative Review Act (at page 38) that "no encroachment upon the immunity of the sovereign results from making a State agency a party defendant."

Our conclusions dispose of other contentions of defendants. Therefore, the order of the trial court is affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.