(No. 35144.—

CONTINENTAL AIR TRANSPORT CO., INC., Appellee, *vs.* CHARLES F. CARPENTIER, Secretary of State, *et al.,* Appellants.

*Opinion filed September 24, 1959.*

LATHAM CASTLE, Attorney General, of Springfield, (SAMUEL H. YOUNG, Special Assistant Attorney General, of counsel,) for appellants.

LEE A. FREEMAN, of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This case involves the construction of section 3—801 (f) of the Illinois Motor Vehicle Law of 1957 (Ill. Rev. Stat. 1957, chap. 95½, par. 3—801 (f),) which provides:

"The registration fee paid by the owners of two-axle motor vehicles which are designed and used as busses in a public system for transporting more than seven passengers, which vehicles are used as common carriers in the

general transportation of passengers and not devoted to any specialized purpose, and which operate entirely within the territorial limits of a single municipality or a single municipality and municipalities contiguous thereto, or in a close radius thereof, and whose operations are subject to the regulations of the Illinois Commerce Commission shall be $2.00 for each calendar year. Owners of such vehicles shall be exempt from paying either a flat weight tax or a mileage tax. There shall be no reduction in such registration fee in case of application during the second half of any calendar year."

Plaintiff, Continental Air Transport Co., Inc., filed application for 64 licenses under section 3—801(f). The defendant Secretary of State, after a hearing, denied the application on the ground that the section was inapplicable to plaintiff's vehicles.

Plaintiff thereupon filed complaint for judicial review in the superior court of Cook County, under the Administrative Review Act, (Ill. Rev. Stat. 1957, chap. 110, pars. 264-279, incl.) and for the issuance of an injunction restraining the defendant Secretary of State and impleaded defendants, the Director of Public Safety and the Superintendent of State Highway Police, from interfering with the operation of plaintiff's transportation system pending such review. A temporary injunction issued, and the order denying a motion to dissolve was affirmed by the Appellate Court. (*Continental Air Transport Co., Inc.,* v. *Carpentier,* 19 Ill. App. 2d 340.) Thereafter the trial court set aside the order of the defendant Secretary of State denying the application for section 3—801(f) licenses and ordered him to forthwith issue such licenses to plaintiff. The defendants appealed directly to this court since this is a case relating to revenue or one in which the State is interested as a party or otherwise. Ill. Rev. Stat. 1957, chap. 110, par. 75.

The plaintiff operated buses and limousines in the public transportation of passengers between Chicago Midway

and O'Hare International Airports and 16 terminal points in the central business district of the city of Chicago and the contiguous municipalities of Evanston, Skokie, and Oak Park.

Subparagraph (f) by its terms applies only to vehicles used for the general transportation of passengers and not devoted to any specialized purpose. The only substantive question presented is whether plaintiff's vehicles are used in a "specialized" service and hence excluded from the benefits of that classification.

The evidence shows that plaintiff's buses make no intermediate stops between the airport and the first point of discharge or pick-up in the central business district of Chicago; and that while no attempt is made to identify passengers, it is assumed they are either airline passengers or guests of airline passengers. Plaintiff's authority, for which a certificate of convenience and necessity was issued by the Illinois Commerce Commission, is limited to the operation of motor buses and limousines "as a ground transportation service in connection with established commercial airlines," solely for "airline passengers and their baggage, the guests of airline passengers and guests, invitees and employees of airlines." It was further specified that loading and unloading points shall be such as are appropriate for the convenient pick-up and discharge of passengers destined to or carried from the airport.

From the nature of plaintiff's authority and practice we think the Secretary of State was warranted in accepting the finding that plaintiff's buses are devoted to a specialized purpose. That it was the legislative intent to exclude such vehicles from the coverage of subparagraph (f) is evident from the ordinary meaning of the language used. A "specialized" service is one that is adapted to a particular condition or need. The need for which plaintiff's vehicles are designed and used is not for the transportation of passengers generally but for the transportation of airline

patrons. Travel by air entails special problems of supplementary transportation, and the purpose of these buses is to meet this particular requirement.

The relevant language is to be construed in accordance with its popular usage. The ordinary and common understanding of passenger vehicles devoted to a specialized purpose, as contrasted with ones used for general transportation, would include the type of transportation service afforded by plaintiff here. In the opinion of the U. S. Circuit Court of Appeals in *Fleming* v. *Chicago Cartage Co.* 160 F.2d 992 (C.C.A. 7th, 1947)—wherein a motor truck company engaged in pick-up and delivery service in Chicago from and to railroads was held to be a common carrier and hence exempt from Emergency Price Control provisions—the transportation was referred to as a "specialized service" or a "specialized transportation service." We think the purpose and use of the present vehicles are likewise to be described as "specialized," and hence outside the scope of the statutory provision involved here.

Cases holding merely that services similar to those provided by the plaintiff here are of a public character, rendering the business subject to regulation by utility commissions and the like, are not persuasive. The issue here is not whether the plaintiff is a common carrier, or is subject to regulation of its business, but whether its vehicles are engaged in a specialized service.

We conclude that the superior court erred in holding that the plaintiff is entitled to licenses under subparagraph (f). In view of this conclusion it is unnecessary to consider other contentions argued by defendants. The judgment is reversed and the cause is remanded with directions to dismiss the complaint.

*Reversed and remanded, with directions.*