**Charles J. Appel, et al., Plaintiffs-Appellants, v. Zoning Board of Appeals of the City of Mattoon, Suburban Trailway Parks, Inc., a Corporation, Raymond Koehl, Charles Weber, Sr., and Paul Young, Defendants-Appellees.**

### Gen. No. 11,110.

Fourth District.

March 30, 1970.

Donald E. Castles, Craig & Craig, of Mattoon (Richard F. Record, Jr., of counsel), for appellants.

John J. Yelvington, City Attorney, of Mattoon, and Douglas & Church, of Mattoon (Mark B. Hunt and Alonzo Church, of counsel), for appellees.

JONES, J.

Plaintiffs appeal the trial court's dismissal of their complaint for administrative review of a decision of the Zoning Board of Appeals of the City of Mattoon.

On February 28, 1968, the individual defendants herein filed with defendant Zoning Board of Appeals of the City of Mattoon a petition requesting a conditional use, for a mobile home park, for certain property described in the petition. Due notice of public hearing was given on March 15, 1968, and on April 2, 1968, a public hearing on the petition of the defendants was held in accordance with the notice. At that hearing all persons to this proceeding were present either in person or by counsel.

On April 2, 1968, following the hearing, defendant Zoning Board of Appeals of the City of Mattoon, granted the conditional use as requested in the petition of the individual defendants.

On May 17, 1968, the plaintiffs filed their complaint in this cause in the Circuit Court for the Fifth Judicial Circuit, Coles County, Illinois, alleging, among other matters, that they were directly and adversely affected by the decision of said Zoning Board of Appeals of the City of Mattoon. Answers of defendants were duly filed and, among other denials, specifically denied the plaintiffs' allegations that they were directly and adversely affected by the decision of the said Zoning Board of Appeals of the City of Mattoon. The cause proceeded to trial on August 5, 1968. All parties were represented by counsel and answered ready for trial. Plaintiffs offered no evidence of any type, but presented argument and rested. Defendants moved for judgment at the close of plaintiffs' case. Thereupon plaintiffs made oral motion to reopen their case, argument was heard and motion denied.

On August 30, 1968, a post-trial motion to vacate judgment or in the alternative for leave to reopen plaintiffs' case to present evidence was filed. Arguments were heard on the motion and on November 16, 1968, the court entered its order denying plaintiffs' post-trial motion. In its order the court specifically found that plaintiffs must plead and prove that they were parties to the administrative hearing and that they were parties whose interests were adversely affected. The court further found that the plaintiffs had introduced no evidence before the Circuit Court and that the Circuit Court was not required to look to the certified record of proceedings before the Zoning Board of Appeals for evidence of the standing of the plaintiffs to bring an action under the Administrative Review Act; that it was incumbent upon the plaintiffs to introduce evidence of such standing in open court. It is from this order that appeal has been taken by plaintiffs.

Thereafter the parties entered into a stipulation that the sole issue to be presented on appeal is:

> "Did the Circuit Court err in granting the Motion of defendants for judgment at the close of plaintiffs' case on the grounds that the plaintiffs failed to introduce evidence before the Circuit Court, tending to prove the standing of the objectors to bring the Administrative Review Action, or to prove that they were directly and adversely affected by the action of the Zoning Board of Appeals of the City of Mattoon." Pp 183 and 184 of the record on appeal.

The Administrative Review Act, chapter 110, section 265, Ill Rev Stats 1967, provides in part:

> "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any

other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof."

The relevant ordinance of the City of Mattoon creating the Zoning Board of Appeals specifically incorporates all provisions of the Administrative Review Act.

Section 274 of the same Act provides:

"Every action to review any final administrative decision shall be heard and determined by the court with all convenient speed. The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court. The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."

■ Thus the statute expressly provides that review of administrative decisions shall be upon the record and that no new or additional evidence shall be heard by the court. This provision has been before the Illinois Supreme Court a number of times and that Court has consistently held that the statute precludes the presentation of evidence to the court which is reviewing the administrative decision. Strohl v. Macon County Zoning Board of Appeals, 411 Ill 559, 104 NE2d 612; Rock Island Metal Foundry, Inc. v. City of Rock Island, 414 Ill 436, 111 NE2d 499; Pipe Trades, Inc. v. Rauch, 2 Ill 2d 278, 291, 118 NE2d 319. See also, Des Plaines Currency Exchange, Inc. v. Knight, 29 Ill2d 244, 194 NE2d 89; Daley v. License Appeal Commission, 55 Ill App2d 474, 205 NE2d 269.

■ If the administrative body preserves no record, the proceeding is ineffective and the Circuit Court has no jurisdiction to commence a trial de novo. Where the

record is insufficient, the case should be remanded to the administrative agency. Strohl v. Macon County Zoning Board of Appeals, supra.

Defendants contend their motion to dismiss and the order of dismissal in the trial court is justified by the following language in 222 East Chestnut St. Corp. v. The Board of Appeals of the City of Chicago, 14 Ill2d 190, 152 NE2d 465:

"The law is well settled that the right to review a final administrative decision is limited to those parties to the proceeding before the administrative agency whose rights, privileges or duties are affected by the decision. (Winston v. Zoning Board of Appeals, 407 Ill 588; Krachock v. Dept. of Revenue, 403 Ill 148.) In recently applying this principle in zoning litigation to which the present plaintiff was also a party, we held it is incumbent upon the party seeking review to both allege and prove that the board's decision would in fact adversely affect such party. (222 East Chestnut Street Corp. v. Board of Appeals, 10 Ill2d 130, and 10 Ill2d 132.)"

The defendants' position is not well founded. Such interpretation of the language of the 222 East Chestnut Corporation case would be contrary to the statutory provisions prohibiting presentation of evidence on review under the Administrative Review Act. For its authority for the rule advanced by defendants, the Supreme Court cited a previous case involving the same parties. 222 East Chestnut St. Corp. v. Board of Appeals of City of Chicago, 10 Ill2d 132, 139 NE2d 218. An examination of that case discloses that the proof required must be found in the administrative record for the court summarized the history of the case by stating:

"The superior court, after hearing questions *presented by the record,* affirmed the board's decision and dismissed the complaint." (Emphasis added.)

405

And when discussing the quantum of proof required of plaintiff, the court further stated, at page 136:

> "In its brief plaintiff fails to show any evidence whatever to support them, (allegations of injury) *nor have we found such support in the record.*" (Emphasis added.)

For the foregoing reasons the judgment of the Circuit Court of Coles County is reversed and the cause remanded for hearing upon the merits of plaintiffs' complaint.

Reversed and remanded.

TRAPP, P. J. and CRAVEN, J., concur.