(No. 45321.—

LAKE COUNTY CONTRACTORS ASSOCIATION *et al.,* Appellants, v. THE POLLUTION CONTROL BOARD *et al.*—(Environmental Protection Agency *et al.,* Appellees.)

*Opinion filed March 20, 1973.*

HALL, MEYER, FISHER, HOLMBERG, SNOOK & MAY, and COLLINS, STEPANICH & COLLINS, both of Waukegan, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield (RICHARD W. COSBY, Assistant Attorney General, of counsel), for appellee Environmental Protection Agency.

RICHARD M. KATES, of Chicago, and MURRAY R. CONZELMAN, of Waukegan, for individual appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The Lake County Contractors Association and the Lake County Home Builders Association appeal from a judgment of the Appellate Court, Second District, one judge dissenting, which dismissed their complaint for review of an order of the Illinois Pollution Control Board on the ground that they lacked standing to seek review. The case is here pursuant to a certificate of importance. *Lake County Contractors Ass'n v. Illinois Pollution Control Board (1972), 6 Ill. App. 3d 762.*

The order which the Associations sought to have reviewed was paragraph 7 of a broader order issued by the Board in a consolidated action involving complaints filed against the North Shore Sanitary District by the League of Women Voters, the Environmental Protection Agency, and others. Paragraph 7 reads:

"The District shall not permit any additions to present sewer connections, or new sewer connections, to its facilities until the District can demonstrate to the Board that it can adequately treat the wastes from those new sources so as not to violate the Environmental Protection Act, or

the Rules and Regulations promulgated there-
under."

In their complaint for direct review in the appellate
court (Ill. Rev. Stat. 1971, ch. 111½, par. 1041), the
Associations alleged that they are not-for-profit corpora-
tions whose members are engaged in the construction
industry in Lake County and that enforcement of this
paragraph of the order will result in unemployment and
financial hardship for their members, their members'
employees, and others. Neither Association, however, was
a party to the proceedings before the Board. The sole issue
considered by the appellate court was whether the
Associations had standing to seek judicial review of the
Board's order, and that is the only issue before this court.

The Board was created in 1970 by the Environmental
Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1001
*et seq.*) and it is given authority to conduct hearings upon
complaints charging violation of the Act, or regulations
adopted thereunder (Ill. Rev. Stat. 1971, ch. 111½, par.
1005), and to enforce the provisions of the Act by the
issuance of orders and the imposition of penalties. (Ill.
Rev. Stat. 1971, ch. 111½, par. 1033.) Judicial review of
actions of the Board is provided for in section 41 of the
Act, which states:

> "Any party to a Board hearing, any person who filed
> a complaint on which a hearing was denied, any person
> who has been denied a variance or permit under this Act,
> and any party adversely affected by a final order or
> determination of the Board may obtain judicial review, by
> filing a petition for review within thirty-five days after
> entry of the order or other final action complained of,
> pursuant to the provisions of the 'Administrative Review
> Act,' *** and the rules adopted pursuant thereto, except
> that review shall be afforded directly in the Appellate
> Court for the District in which the cause of action arose
> and not in the Circuit Court. ***
>
> No challenge to the validity of a Board order shall be
> made in any enforcement proceeding under Title XII of
> this Act [Ill. Rev. Stat. 1971, ch. 111½, pars. 1042-1045]

as to any issue that could have been raised in a timely petition for review under this Section." Ill. Rev. Stat. 1971, ch. 111½, par. 1041.

The Associations contend that they are parties "adversely affected by a final order" of the board and that they therefore fall within the fourth category of those entitled to obtain judicial review. They argue, in effect, that the word "party," which is not defined in the Act, is used in the fourth category in a broad sense and is the equivalent of the word "person," so that standing to obtain review is not limited to those who were parties of record to the administrative proceeding. In support of that interpretation they assert that a strict definition of the word "party" would make the fourth category surplusage, since all those included in that category would already have standing through the first category which permits "[a]ny party to a Board hearing" to seek judicial review, and that the general rules of statutory construction require that, if possible, no word, clause, or sentence be rendered superfluous or meaningless. (See *Peacock v. Judges Retirement System of Illinois (1957), 10 Ill.2d 498, 501.*) They admit, however, that this interpretation conflicts with the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*), which is specifically made applicable to actions for review of decisions of the Board (Ill. Rev. Stat. 1971, ch. 111½, par. 1041), because under that statute judicial review of administrative decisions can be sought only by those who were parties to the administrative proceedings. (*222 E. Chestnut St. Corp. v. Board of Appeals (1956), 10 Ill.2d 130, 132; Winston v. Zoning Board of Appeals (1950), 407 Ill. 588, 593.*) Nevertheless, they contend that the legislature intended to broaden the range of persons entitled to judicial review under the Environmental Protection Act by including the fourth category in section 41.

We disagree with this contention. The assertion that the fourth category was intended to broaden the range of

persons entitled to judicial review overlooks the fact that this category is described in the terms used by this court in defining the class of persons who have standing under the Administrative Review Act. In *222 E. Chestnut St. Corp. v. Board of Appeals (1956), 10 Ill.2d 130, 132,* we held that a "party 'whose rights, privileges or duties were adversely affected by the decision' of the administrative agency" can seek judicial review under the Administrative Review Act. It also overlooks the fact that the legislature was discriminating in its use of the words "party" and "person" in other sections of the Environmental Protection Act. (See Ill. Rev. Stat. 1971, ch. 111½, pars. 1028, 1029, 1031(b), 1032, 1033, 1038, 1041, 1045(b); Ill. Rev. Stat. 1972 Supp., ch. 111½, pars. 1003(i), 1040.) There is no reason to believe it was any less careful in its use of the word "party" in the fourth category of section 41.

Moreover, the interpretation advocated by the Associations would interfere with the orderly procedure set forth in the Act, which contemplates applications for individual variances in cases of arbitrary or unreasonable hardship. (Ill. Rev. Stat. 1971, ch. 111½, pars. 1035, 1036.) This procedure apparently recognizes that progress toward compliance with an order of the Board may not proceed at a uniform rate throughout the area affected and that the impact of an order may not bear with equal severity upon all affected individuals. The Associations would substitute a procedure under which one not a party would be permitted to show the adverse effect of the decisions through allegations in his petition for appellate review. There would be problems under this view, even apart from section 41 of the Act: first, Supreme Court Rule 335 (Ill. Rev. Stat. 1971, ch. 110A, par. 335), which deals with the procedure for direct review of administrative orders by the appellate court, does not provide for such allegations in a petition for review and, second, even if such allegations were permitted, the appellate court would have to accept them as true, for the Administrative Review Act provides

that "[n]o new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court." Ill. Rev. Stat. 1971, ch. 110, par. 274.

We conclude, therefore, that to come within the fourth category of section 41, one who seeks review must have been a party to the Board proceeding and must be adversely affected by the order or determination of the Board which he seeks to have reviewed. The Associations do not fall within the fourth category of section 41 because they were not parties to the Board hearing. And since they do not fall within any of the other categories in that section, they do not have standing to seek review of paragraph 7 of the Board's order.

In what has been said we have assumed, for present purposes, as the parties to this case have assumed, that the Associations have standing to assert the grievances of their individual members, the employees of those members, and others. But we have not intended to, nor do we, express any view as to the correctness of that assumption.

The judgment of the appellate court dismissing the Associations' complaint for review is affirmed.

*Judgment affirmed.*