JAMES LAMAR, Plaintiff-Appellee, *v.* ILLINOIS RACING BOARD, Defendant-Appellant.

First District (2nd Division)   No. 76-1034

Opinion filed December 13, 1977.

William J. Scott, Attorney General, of Chicago (Bonny Sutker Barezky, Assistant Attorney General, of counsel), for appellant.

Joseph A. Malek, of Berwyn, for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant, Illinois Racing Board (Board), appeals from an order of the circuit court of Cook County entered under the Administrative Review Act. That order reversed the decision of the Board which had granted plaintiff, Dr. James Lamar, his veterinarian license and then suspended it for 30 days due to plaintiff's violation of Illinois Racing Board Rule 309a. In reversing the Board's decision, the court found that Rule 309a was unconstitutionally vague and arbitrary. The Board now contends (1) that the rule met constitutional standards of certainty; and (2) that the court erred by permitting the introduction of additional evidence at the administrative review hearing.

When plaintiff submitted an annual renewal application for his 1975

veterinarian license, his attorney attached a cover letter indicating a reservation as to a paragraph in the application. That paragraph stated that the applicant would submit to the subpoena and search powers of the Board. On May 6, 1975, the State Stewards of the Board recommended that plaintiff's application be denied pending his compliance with the terms of the application, including the paragraph concerning the Board's subpoena and search powers. Plaintiff then appealed from the State Stewards' recommendation, requesting a hearing before the Board. The hearing was scheduled for May 9, 1975, at a meeting of the Board, at which time the Board considered a proposed change in Rule 309a.

At the May 9 meeting, the Board voted to amend Rule 309a. Prior to amendment, the rule provided:

> "a. Whenever any veterinarian licensed by the Board or any other person administers any chemical substance listed in Rule 303.a. to any horse within a race track enclosure at such a time that such chemical substance, or any metabolite thereof, may be found as a constituent in specimens of the horse's urine or blood taken subsequent to or less than four hours prior to a race, he shall submit a written report in triplicate on a form prescribed by the Board to the state veterinarian, *provided, however, that a person shall submit such a report for all administrations of phenylbutazone made at any time within a race track enclosure.*" (Illinois Racing Board Rule 309a.) (Emphasis in original.)

Subsequent to amendment, the initial portion of the paragraph remained unchanged, but the italicized portion was deleted.

At the Board's hearing on plaintiff's appeal from the State Stewards' recommendation, plaintiff agreed to comply with a subpoena previously served upon him. The hearing then adjourned with the understanding that plaintiff would turn over a list of owners for whom he had worked in 1974 and copies of medication records for drugs purchased and prescribed for certain horses. A few days later plaintiff complied.

On May 19, 1975, the Board's attorney sent plaintiff's attorney a letter informing him that the Board was in receipt of an Illinois Bureau of Investigation report which indicated numerous drug reporting violations by plaintiff. The list of alleged violations involved plaintiff's failure to report the administration of phenylbutazone (bute) to enumerated horses. Although the alleged violations occurred at a time in which the rule was in effect, plaintiff was informed of the violations 10 days after the amendment of the rule. A hearing of the matter was then scheduled.

The hearing consisted in pertinent part of showing that plaintiff's bills revealed that he had administered bute to a number of horses, and that he did not report such administration pursuant to the rule then in effect. The Board called Ronald C. Jensen, the State Veterinarian, who testified that

bute is an injectible or an oral drug used as an anti-inflammatory or an analgesic. Dr. Jensen also said that administrations of bute were required to be reported in 1974, whether given to racing or nonracing horses. Although he did not know of any specific instances, Jensen assumed that a number of instances existed where administrations to nonracing horses went unreported. He also said that while no one told him directly, he was present at a meeting where some veterinarians said that they did not report bute administrations given to nonracing horses.

Plaintiff then called Ted Atkinson, the Senior State Steward for Chicago area thoroughbred racing. He explained that Rule 309a was in effect for the last 30 days of the 1973 season, the entire 1974 season, and that the rule was thereafter eliminated. Whenever any veterinarians would consult with him about the meaning of the rule, he told them that if they were in doubt about medication rules, they should take up the matter with the State Veterinarian. Atkinson said that the daily medication report sheets were supposed to include all horses treated with any drugs. He explained, however, that the reports were required to be sent to the laboratory and that he had nothing to do with it. He never told veterinarians that they did not have to report administrations of bute to sick or ailing horses. Atkinson said, however, that he thought the reporting requirements in the rule referred to injections, rather than powders or tablets. He emphasized on cross-examination that all administrations by injection were to be reported whether administered to racing or nonracing horses.

Plaintiff also called Dr. James Logsdon, a veterinarian, who testified that he thought the rule meant that a veterinarian did not have to report administrations of bute given to nonracing horses. He testified that other veterinarians thought the same thing. Logsdon later discussed this subject with the State Veterinarian who informed him that his understanding of the rule was incorrect.

At another hearing plaintiff called a horse trainer who said that as far as he knew no reports had to be filed unless the horse given bute ran in a race. On his own behalf, plaintiff testified that in 1974, he did not report oral administrations of bute to nonracing horses on his daily veterinarian sheets because the State Steward, Ted Atkinson, said that when bute is orally administered it did not have to be reported. On rebuttal, Atkinson testified that during the conversation in question he never mentioned racing versus nonracing horses. In addition, he testified that if bute was administered orally, it should be accounted for by a written prescription filed with the State Veterinarian. He fully expected that a copy of the prescription would go to the required authorities.

The Board decided that plaintiff's violations of Rule 309a were sufficient reason to deny plaintiff a license but decided instead to grant him a 1975 license and suspend it for 30 days. Plaintiff then filed a

complaint under the Administrative Review Act seeking a reversal of the Board's decision. The complaint alleged in part that the Board had exceeded its authority in promulgating the rule, and that the rule was unconstitutionally vague and arbitrary. The trial court reversed the Board's decision, finding the rule vague, indefinite, and in contravention of constitutional requirements. This appeal followed.

## I.

■■ By section 1 of the Illinois Horse Racing Act, the legislature created the Board and vested it with the powers and duties enumerated in the Act, and the powers necessary to effectuate the Act's purposes. (Ill. Rev. Stat. 1975, ch. 8, par. 37a.) The legislature specifically empowered the Board by section 1.7 of the Act to prescribe rules, regulations, and conditions governing the conduct of the races and the participants of horse racing meetings. (Ill. Rev. Stat. 1975, ch. 8, par. 37a7.) In accordance with the Act the Board adopted its own Rules and Regulations. (Illinois Racing Board Rule 357.) Moreover, the Act authorizes the Board to name and appoint stewards (Ill. Rev. Stat. 1975, ch. 8, par. 37a7); and the Board's Rules and Regulations authorize such stewards to recommend the denial of a license application of any veterinarian (Illinois Racing Board Rule 236C).

In the case at bar the stewards recommended that plaintiff's license application be denied pending his compliance with the terms of the application. Plaintiff had expressed reservations to the Board's subpoena and search powers. Pursuant to the hearing procedures set forth in Rules 236, 236A, 236B, and 236C, plaintiff requested a hearing before the Board to appeal the recommendation. At the hearing held on May 9, 1975, plaintiff agreed to comply with the subpoena, and thereafter turned over the requested documentation. Ten days later plaintiff was informed of the alleged bute violations committed during the existence of Rule 309a. Plaintiff implies that the Board acted unfairly by altering its reasons for the license denial. We note, however, that the record is unclear whether the Board needed the requested information obtained through the subpoena in order to discover the alleged violations. Further, plaintiff fails to recognize the discretion vested in the Board by the legislature in connection with such matters as licensing.

Section 3.1 of the Illinois Horse Racing Act authorizes the Board to issue licenses and sets forth appropriate procedures to be followed. (Ill. Rev. Stat. 1975, ch. 8, par. 37c—2.) In addition, the section provides, so far as pertinent, for the Board's exercise of discretion in denying, revoking, or suspending licenses of those found guilty of a violation of the Act or the Board's Rules and Regulations, or for any other just cause. In the instant case the Board granted plaintiff a license but suspended it for 30 days due

to violations of 309a as it exited in 1974. If in fact the rule is constitutionally sufficient, the Board was clearly justified in exercising the discretion granted it by the legislature.

## II.

■■ On administrative review of this matter, the circuit court reversed the Board's decision, finding the former Rule 309a unconstitutionally vague. When it was in effect, the rule stated in relevant part:

> "[P]rovided, however, that a person shall submit such a report for all administrations of phenylbutazone made at any time within a race track enclosure."

Plaintiff contends that the rule's vagueness is demonstrated by the conflicting interpretations given it by the State Veterinarian and the State Steward. Plaintiff overlooks, however, the fact that both officials said administrations of bute had to be reported whether or not a horse ran. Our review of the record reflects that there was confusion as to the manner in which such reports were to be filed and to whom such reports should be sent. Yet, there is no indication that plaintiff ever filed any reports, of any kind, to any racing official in connection with the administrations of bute here in question. Having been informed that reports were necessary, the onus was on plaintiff to thereafter comply with the dictates of the rule.

The basic disagreement between plaintiff and the Board centers on the asserted vagueness of Rule 309a as it existed at the time of plaintiff's violations. It is well settled that administrative as well as judicial proceedings are governed by the fundamental principles and requirements of due process of law. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 563, 359 N.E.2d 113; *Brown v. Air Pollution Control Board* (1967), 37 Ill. 2d 450, 454, 227 N.E.2d 754.) Due process of law requires that a statute shall not be vague, indefinite or uncertain. (*People v. Tibbitts* (1973), 56 Ill. 2d 56, 59, 305 N.E.2d 152; *In re Ladewig* (1st Dist. 1975), 34 Ill. App. 3d 393, 397, 340 N.E.2d 150.) Statutes which are so incomplete, vague, indefinite, and uncertain that men of ordinary intelligence must necessarily guess at their meaning and differ as to their applications have uniformly been declared unconstitutional as denying due process.(*S. Bloom, Inc. v. Korshak* (1972), 52 Ill. 2d 56, 64, 284 N.E.2d 257; *People ex rel. Duffy v. Hurley* (1949), 402 Ill. 562, 567, 85 N.E.2d 26; see also *Connally v. General Construction Co.* (1926), 269 U.S. 385, 391, 70 L. Ed. 322, 46 S. Ct. 126; *Cramp v. Board of Public Instruction* (1961), 368 U.S. 278, 287, 7 L. Ed. 2d 285, 82 S. Ct. 275; *People v. Palkes* (1972), 52 Ill. 2d 472, 475, 288 N.E.2d 469.) A statute is unconstitutionally vague if the terms are so ill-defined that the ultimate decision as to its meaning rests on the opinions and whims of the trier of fact rather than any

objective criteria or facts. *People v. Pembrock* (1976), 62 Ill. 2d 317, 322, 342 N.E.2d 28.

Plaintiff maintains that the former Rule 309a is unconstitutionally vague because it does not convey sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practices (*Jordan v. De George* (1951), 341 U.S. 223, 231-32, 95 L. Ed. 886, 71 S. Ct. 703). He contends that the rule is insufficient because it is not set out in terms such that the ordinary person exercising common sense can understand and then comply with it (*United States Civil Service Com. v. National Association of Letters Carriers* (1973), 413 U.S. 548, 579, 37 L. Ed. 2d 796, 93 S. Ct. 2880). On the other hand, the Board cites several cases where statutory language was even less specific than in the instant case and which language was nevertheless upheld as sufficiently clear. (*E.g., Lehmann v. Board of Public Accountancy* (1923), 263 U.S. 394, 68 L. Ed. 354, 44 S. Ct. 128 (cancelling an accountant's certificate "for any unprofessional conduct"); *Pordum v. Board of Regents* (N.D. N.Y. 1973), 357 F. Supp. 222, 224-25, *aff'd* (2d Cir. 1974), 491 F.2d 1281 (dismissing a teacher "upon cause" shown satisfying the Commissioner of Education); *State v. Yanes* (Fla. 1970), 231 So. 2d 212, 214 (upholding statute which forbade practicing optometry without a license where defendant diagnosed eyes through "objective or subjective" means); *Patchett v. Baylor* (1976), 62 Ill. 2d 426, 434, 343 N.E.2d 484 (revoking insurance agent's license for " 'fraudulent or dishonest' practices").) Further, the standards of certainty in statutes punishing for offenses are higher than in those depending primarily upon civil sanction for enforcement. (*Cf. Winters v. New York* (1948), 333 U.S. 507, 515, 92 L. Ed. 840, 68 S. Ct. 665; *Brennan v. Occupational Safety & Health Review Com.* (10th Cir. 1974), 505 F.2d 869, 872.) Lastly, reviewing courts should accord substantial discretion to administrative agencies in the construction and application of their rules, interfering only if a body's interpretation is plainly erroneous or inconsistent with long-settled constructions. *Scheffki v. Board of Fire & Police Commissioners* (1st Dist. 1974), 23 Ill. App. 3d 971, 973, 320 N.E.2d 371.

■■■ We think the section of Rule 309a under consideration is clear. The rule plainly provided that anyone who administered bute "at any time within a race track enclosure" was under an affirmative duty to submit a report reflecting all such administrations. As we have previously noted, confusion existed as to the type of report to be submitted and the official to whom such report should be sent. Despite his inquiry about the rule and the consistent interpretation received that all administrations given to non-racing horses had to be reported, plaintiff did nothing. He complains that the portion of the rule which he allegedly violated is no longer in existence. Although the amendment of the rule may raise an inference that the Board had no reason to continue the deleted portion,

there is nothing in the record before us which indicates the reason for the Board's action. In any event we think the rule was plain and clear in its terms: *all* administrations of bute had to be reported. We find no unconstitutional vagueness or uncertainty in its plain meaning. Accordingly, plaintiff was not denied due process of law when the Board decided to suspend his license for his violation of the rule.

### III.

Although section 11 of the Administrative Review Act states that no new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court (Ill. Rev. Stat. 1975, ch. 110, par. 274), the Board contends that the court erroneously allowed plaintiff to offer additional evidence at the administrative review hearing. Plaintiff stated at the hearing that all of his violations were occasioned by his oral administration of bute to horses; that all of the violations occurred under emergency conditions; that the rule was subsequently deleted because it was vague; that there were at least 50,000 violations of the rule; and that he was the only one who was ever charged. Plaintiff's gratuitous commentary was unsupported by the record of hearings before the Board and was clearly improper. Review of administrative decisions shall be upon the record and no new or additional evidence is to be heard by the court. (*Appel v. Zoning Board of Appeals* (4th Dist. 1970), 120 Ill. App. 2d 401, 404, 257 N.E.2d 9.) Therefore, a court may not, upon administrative review, hear further evidence or conduct a hearing *de novo. Pipe Trades, Inc. v. Rauch* (1954), 2 Ill. 2d 278, 291, 118 N.E.2d 319.

■■ Plaintiff points out, however, that even the Board's counsel at the hearing stated that he realized the court would not consider the improper statements in reaching a decision. While it is ordinarily presumed that only competent evidence is considered by a court, under the facts of this case the court's error cannot be deemed harmless. (*Cf. General Electric Cablevision Corp. v. City of Peoria* (3d Dist. 1972), 8 Ill. App. 3d 948, 953, 291 N.E.2d 295.) In light of the court's reversal of the administrative decision and the court's finding of unconstitutionality, we think it possible that plaintiff's volunteered remarks could have unfairly prejudiced the court.

For all of the aforementioned reasons, the order of the circuit court of Cook County is reversed. The decision of the Illinois Racing Board suspending plaintiff's veterinarian license for 30 days is hereby reinstated.

Reversed.

STAMOS and PUSATERI, JJ., concur.