COORDINATING COMMITTEE OF MECHANICAL SPECIALTY CONTRACTORS ASSOCIATION *et al.*, Plaintiffs-Appellees, *v.* PHILIP R. O'CONNOR, Director of Insurance, *et al.*, Defendants-Appellees.—
(CONTINENTAL CASUALTY COMPANY *et al.*, Appellants).

First District (4th Division)    No. 79-1581

Opinion filed December 31, 1981.—Rehearing denied January 29, 1981.

Freeman, Atkins & Coleman, and Asher, Greenfield, Goodstein, Avalon & Segall, both of Chicago (Robert F. Coleman, Kenneth P. Ross, Terrance Hilliard, and Eugene I. Pavalon, of counsel), for appellees.

Epton, Mullin, Segal & Druth, of Chicago (Gerald B. Mullin and Abraham W. Brusell, of counsel), for appellants.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an interlocutory appeal from an order denying a motion to vacate a stay order in an action for administrative review of a workmen's compensation rate filing approved by the Director of Insurance.

The issue presented for review is whether it was error for the court to stay the order of the Director of Insurance where allegedly plaintiffs failed to demonstrate good cause or a likelihood of prevailing on the merits.

On November 20, 1978, the Insurance Services Office of Illinois (ISO) made rate filing WC 78-2 with the Director of Insurance (Director), which proposed a 36.8% average increase in workmen's compensation insurance rates. The Director disapproved the WC 78-2 rate filing. ISO requested a hearing and Walter Schaefer was appointed as hearing officer by the Director, and the National Council on Compensation Insurance (NCCI) was substituted for ISO.

The hearing was convened on December 26, 1978, and plaintiffs, Coordinating Committee of Mechanical Specialty Contractors Association *et al.* were granted leave to intervene. The hearings were concluded on April 20, 1979, and the opinion and recommendations of the hearing officer were filed with the Director on July 11, 1979. The hearing officer's report found some aspects of the proposed rate filing excessive, but recommended that an amended rate filing be accepted.

On July 26, 1979, the Director issued an order adopting portions of the hearing officer's report and permitting NCCI to make an amended filing for a 23.8% average rate increase.

On August 3, 1979, NCCI amended its filing in accord with the Director's order. On August 16, 1979, the Director approved the amended filing, effective September 1, 1979.

On August 22, 1979, plaintiffs filed suit in the nature of a class action seeking judicial review of the Director's orders of July 26, 1979, and August 16, 1979. Plaintiffs alleged that the orders conflicted with the findings of the hearing officer. On August 30, 1979, plaintiffs petitioned the circuit court for an order staying the 23.8% rate increase. On August 31, 1979, the court issued a temporary stay until further argument. On September 5, 1979, the court continued the provisional stay to September 10 for further argument.

On September 10, 1979, CNA (the intervenor) was granted leave to intervene and entered its appearance and motion objecting to any stay order. Although CNA objected, the trial court entered a stay order. CNA was given leave to amend its motion to vacate the stay order, and the court set the hearing for September 21, 1979.

On September 21, 1979, the court heard arguments on the motion to vacate the stay. CNA stated in its motion that there was no showing of good cause because there were no allegations that the findings of fact of the Director or hearing officer were contrary to the manifest weight of the evidence and plaintiffs were required to show a likelihood of prevailing on the merits. Plaintiffs' response asserted the stay protected all parties and the court had both inherent and statutory authority to stay administrative orders. They also asserted that they had shown good cause for issuance of a stay order.

The court denied CNA's motion to vacate the stay order.

On this appeal, CNA asserts that plaintiffs should have been denied the stay order because there was no showing of good cause or a likelihood of prevailing on the merits.

■■ It is not disputed that the circuit court has the discretionary power to stay the decision of an administrative agency pending final disposition of the review of that decision. *Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 805, 336 N.E.2d 276, 280.

Section 12(1)(a) of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 275(1)(a)) provides:

"(1) The Circuit Court shall have power:

(a) with or without requiring bond * * * and before or after answer filed, upon notice to the agency and good cause shown, to stay the decision of the administrative agency in whole or in part pending the final disposition of the case; * * *."

Whether a stay will or will not be granted results in the application of equitable principles and amounts to granting or refusing to grant injunctive relief. (*Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 806.) CNA, therefore, contends that the standards applied in staying a decision of an administrative body are equivalent to those applied in granting injunctive relief, such as allowing the issuance of a preliminary injunction.

Plaintiffs cite *Armour & Co. v. United American Food Processors, Inc.* (1976), 37 Ill. App. 3d 132, 345 N.E.2d 795. In *Armour*, the court held that the grant or denial of an interlocutory injunction rests in the sound discretion of the trial court. It is subject to appellate review based on the inquiry of whether the trial judge abused his discretion. The court further stated that the purpose of the preliminary injunction is not to decide the merits of the case but to preserve the status quo.

Plaintiffs contend the trial court did not abuse its discretion by issuing a stay.

Both parties state that it is necessary for a showing of "good cause" before a stay order can issue under the Administrative Review Act. However, they disagree as to the requirements for a showing of good cause. Plaintiffs equate "good cause" with maintaining the status quo, and CNA debates that stating that without more than the fact of preserving the status quo "good cause" is not shown. Unfortunately, neither side cites authority for its position.

As stated in *Continental Air Transport Co. v. Carpentier* (1958), 19 Ill. App. 2d 340, 343, 152 N.E.2d 488, 490, *rev'd on other grounds* (1959), 17 Ill. 2d 312, 161 N.E.2d 99, the Administrative Review Act provides that upon notice to the agency and upon good cause shown the trial court has the power to stay the administrative agency's decision. The court further stated:

"Defendants have cited no authority to indicate that this does not mean what it says. We believe the trial court had the power to grant a stay in the instant case and to use the conventional powers of a court of chancery to implement the stay until the final disposition of the case * * *."

(See additionally *Cahokia Sportservice v. Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276.) We do not find that CNA has cited any authority relating to the lack of good cause by plaintiffs. We believe the trial court had the power to grant the stay upon a showing of good cause.

CNA contends plaintiffs failed to show a likelihood of prevailing on the merits. Both parties agree that general equity principles govern the issuance of a stay (see *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, 215 N.E.2d 25), and CNA equates that the same rules apply for stays as those that apply to preliminary injunctions.

In *C. G. Caster Co. v. Regan* (1976), 43 Ill. App. 3d 663, 666, 357 N.E.2d 162, 165, the appellate court entered a temporary injunction, stating that a party is not required to make out a case which will always warrant relief at the final hearing. What is necessary is that the petitioning party raise a final question as to the existence of the claimed right and lead the court to believe he is probably entitled to the relief prayed for, if the proof sustains his allegations. A plaintiff is only required to make out a prima facie case for final relief; he does not have to be absolutely certain of his ultimate success. *Armour & Co. v. United American Food Processors, Inc.* (1976), 37 Ill. App. 3d 132, 137, 345 N.E.2d 795, 799.

In plaintiffs' motion for stay, they attached a copy of their complaint, a copy of the complaint filed by NCCI, and the affidavit of one of plaintiffs' attorneys in support of their motion. CNA asserts that the complaints and affidavit do not support the stay order. We disagree with CNA's contention. Plaintiffs' complaint alleges inconsistencies in the

Director's order and the opinion, findings of fact and recommendations of the hearing officer. To support that statement, plaintiffs cite numerous references to the hearing officer's report and the Director's report in their motion to stay. In plaintiffs' prayer for relief, they asked for a stay of the insurance rate increase until all the data underlying the approved rate could be audited and verified.

■■ We think plaintiffs raised a fair question as to the existence of the right claimed and also led the trial court to believe they would be entitled to the relief requested if their allegations were sustained by proof. We, therefore, hold that plaintiffs' motion for a stay was properly granted and that the trial court did not abuse its discretion in granting it.

For the foregoing reasons, the order of the circuit court of Cook county granting the issuance of the stay is affirmed.

Affirmed.

LINN, P. J., and JIGANTI, J., concur.