JOSEPH T. PISANO *et al.*, Plaintiffs-Appellants, *v.* LOUIS GIORDANO, Acting Director, Department of Personnel, *et al.*, Defendants-Appellees.—(AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES *et al.*, Intervenors.)

Fourth District    No. 17526

Opinion filed May 12, 1982.

Richard J. Coffee, II, of Illinois State Employees Association, of Springfield, for appellants.

Tyrone C. Fahner, Attorney General, of Chicago, and Brown, Hay & Stephens, of Springfield (Kathryn A. Spalding, Assistant Attorney General, Harvey B. Stephens, and William F. Trapp, of counsel), for appellees.

JUSTICE MILLS delivered the opinion of the court:

Can either the trial court or a reviewing court re-examine an administrative agency's actions without a record before it?

No.

No court—trial or appellate—can function in a vacuum.

Administrative review presupposes a record of the proceedings before the agency.

Following a decision by the Director of the Illinois Department of Personnel—which resulted in reduced health care benefits to State employees, annuitants, and, where elected, qualified dependents—the plaintiffs brought suit for administrative review. Named as defendants in the suit were the Director, numerous other State officials (State defendants), and Health Care Service Corporation (HCSC).

Rather than filing an answer to plaintiffs' complaint, the State defendants filed a motion to dismiss, alleging that the plaintiffs were not parties to the administrative proceedings and that their objections to the administrative action were waived for failure to present them to the agency. HCSC filed a separate motion to dismiss, alleging that it was improperly joined as a party defendant. As a result of the procedural posture in which defendants placed the case, no record of the proceedings before the administrative agency was filed with the trial court. Nor is such a record before this court. This fact notwithstanding, the trial judge allowed both motions to dismiss. Because his decision was made without reference to the record, we must reverse and remand.

■■ The parties dispute the issue of whether plaintiffs have standing to seek administrative review simply by virtue of their status as aggrieved

persons or whether it is necessary that they also have been parties to the administrative proceedings by which they were aggrieved. The trial judge ruled that plaintiffs must have been parties to the administrative proceedings in order to have standing to challenge them. With this we agree. The supreme court has "consistently held that the right to review [of] * * * administrative decisions is limited to parties of record before the administrative agency whose rights, duties or privileges were adversely affected by the decision." *Williams v. Department of Labor* (1979), 76 Ill. 2d 72, 78, 389 N.E.2d 1177, 1179; see also *Lake County Contractors Association v. Pollution Control Board* (1973), 54 Ill. 2d 16, 294 N.E.2d 259; *222 East Chestnut Street Corp. v. Board of Appeals* (1956), 10 Ill. 2d 132, 139 N.E.2d 218; *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 95 N.E.2d 864.

While the statutory language involved in this case is not identical to that applied in any of the cited cases, the clear import of these cases is that in the absence of a clear manifestation of contrary legislative intent, the Administrative Review Act—which clearly extends standing only to parties of record—controls language in a substantive statute. No such intent is apparent from the substantive statute involved here, the State Employees Group Insurance Act. Ill. Rev. Stat. 1979, ch. 127, pars. 521 through 537.

Nor does *North Federal Savings & Loan Association v. Becker* (1962), 24 Ill. 2d 514, 182 N.E.2d 155, on which plaintiffs rely, persuade us otherwise. That case turned on whether or not the plaintiff was "aggrieved" or "affected" within the meaning of sections 7—21 and 7—24 of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1959, ch. 32, pars. 861, 864). The issue of plaintiff's status as a party in that case was never raised. However, that status was rather clearly established on the record, which showed that plaintiff had filed an objection to a proposed change in location of a savings and loan with the Director of Financial Institutions, had appeared at the hearing on the proposed change, and had presented five witnesses.

■▌ The issue remains whether the plaintiffs were in fact parties. This question is to be determined on the basis of the record of the administrative agency. (*Appel v. Zoning Board of Appeals* (1970), 120 Ill. App. 2d 401, 257 N.E.2d 9 (plaintiff is not required to plead and prove facts sufficient to establish standing, they need only be apparent from the record).) A judge sitting in an administrative review proceeding is expressly forbidden to go outside the record in rendering a decision. Ill. Rev. Stat. 1979, ch. 110, par. 274; see also *Lamar v. Illinois Racing Board* (1977), 55 Ill. App. 3d 640, 370 N.E.2d 1241.

Without the record before him and unable to go outside the record, the trial judge had nothing on which to base his decision. As it is the responsibility of the agency involved to furnish the record (Ill. Rev. Stat.

1979, ch. 110, par. 272), the decision dismissing the State defendants cannot stand.

Similar reasoning requires reversal of the decision dismissing HCSC—although the question presented in this instance is amenability to suit as a party defendant, rather than standing to sue as a plaintiff.

Section 14 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 277) makes the Civil Practice Act applicable to proceedings under the Administrative Review Act. Section 24 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 24) provides that a person, which includes a corporation, may be made a party defendant "whom it is necessary to make a party for the complete determination or settlement of any question * * *." (See *Continental Air Transport Co. v. Carpentier* (1958), 19 Ill. App. 2d 340, 152 N.E.2d 488, *rev'd on other grounds* (1959), 17 Ill. 2d 312, 161 N.E.2d 99.) Again, it is impossible to make this determination without the record of the administrative proceedings.

The trial judge did not have the record before him. Therefore, his decision cannot stand.

Reversed and remanded.

GREEN, P. J., and WEBBER, J., concur.