EDWARD CERVENY, Plaintiff-Appellee, *v.* THE STATE OF ILLINOIS *et al.*, Defendants-Appellants.

Second District No. 83—520

Opinion filed May 2, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Patricia Rosen, Rosalyn B. Kaplan, Edward C. Hurley, and Susan C. Weidel, Assistant Attorneys General, of counsel), for appellants.

Kathleen I. Zitzka, of Wheaton, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The State of Illinois, Department of Labor, Board of Review and its Director (State) appeal from an administrative review judgment which reversed the decision of the Board of Review approving re-

coupment for an unearned unemployment claim paid to Edward Cerveny due to a clerical error.

It is undisputed that Cerveny received unemployment benefits during the weeks of August 30, 1981, through May 29, 1982; that he reached the age of 65 years on September 16, 1981; that he complied with regulations by filling out the required form stating that he was then receiving social security payments on his 65th birthday; and that due to a clerical error on the part of the Department of Labor, Cerveny received income which disqualified him for unemployment compensation for the stated period.

The claims adjudicator determined that the unemployment benefits received by Cerveny between August 30, 1981, and May 29, 1982, were an overpayment which was subject to recoupment. Cerveny appealed and the decision was affirmed by the hearing referee and thereafter by the Board of Review. Cerveny then filed a complaint for judicial review under the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 3—110). The circuit court reversed, finding that recoupment will be "against equity and good conscience."

The State contends that Cerveny had waived the issue of recoupment by failing to request the waiver of recoupment in the administrative proceedings; and that, in any event, the record does not support the judgment of the circuit court.

Section 900 of the Illinois Unemployment Insurance Act provides, as material:

"Recoupment. A. Whenever an individual has received any sum as benefits for which he is found to have been ineligible, the amount thereof may be recovered by suit in the name of the People of the State of Illinois, or, from benefits payable to him, may be recouped:
* * *
2. Within 3 years from the date he has been found to have been ineligible for any other reason, pursuant to a reconsidered finding or a reconsidered determination, or pursuant to the decision of a Referee *** which modifies or sets aside a finding or a reconsidered finding or a determination or a reconsidered determination. *Recoupment pursuant to the provisions of this paragraph from benefits payable to an individual for any week may be waived upon the individual's request, if the sum referred to in paragraph A was received by the individual without fault on his part and if such recoupment would be against equity and good conscience.* \*\*\*"

(Emphasis added.) Ill. Rev. Stat. 1981, ch. 48, par. 490.

Cerveny testified before the referee, that in the instructions he originally received, social security was not to be deducted and that he was not told about the change. After the referee's finding that the State was entitled to recoupment, Cerveny applied for reconsideration, stating that after he reached the age of 65 he marked "Yes" to the question on the unemployment form relating to receipt of social security income. Thus, there is no question that Cerveny at no time made a false statement or knowingly failed to disclose a material fact.

■ The State argues that Cerveny failed to raise the waiver issue before the administrative agency, and may not raise it for the first time here. (See *Leffler v. Browning* (1958), 14 Ill. 2d 225, 228.) However, while Cerveny did not formally claim he was entitled to a waiver of the recoupment by the State of unearned unemployment benefits he received without his fault, we conclude that he did not waive the issue before the administrative agency. He made known to the hearing referee, in addition to the fact that he felt he had done nothing wrong and should not be obligated to repay, that "you can't get blood out of a turnip *** out of a stone"; that he was out of work and that his wife was out of work and that "you can't get blood out of a stone." In his written appeal from the hearing referee he stated that he could not repay the amount claimed "now or later *** you cannot recoup when I cannot recoup ***." In our view this was sufficient to alert the administrative agency to the need for a hearing to determine whether recoupment should be waived for equitable reasons.

■ We disagree, however, with Cerveny's claim that the record supports the judgment on judicial review. The trial judge on administrative review is confined to the record before the administrative agency and may not go beyond it. See, *e.g., Pisano v. Giordano* (1982), 106 Ill. App. 3d 138, 140. See also Ill. Rev. Stat. 1981, ch. 110, par. 3—110.

Here, the record before the administrative agency was insufficient to prove that recoupment would be against equity and good conscience. The statement by Cerveny that he and his wife were out of work and that he couldn't pay now or in the future is an insufficient basis for the trial judge to conclude that recoupment would be against equity and good conscience, without further evidence.

The terms "equity and good conscience" are not defined in the statute, and there are apparently no Illinois cases defining those terms in connection with the section 900 of the Unemployment In-

surance Act. As the State notes, under section 204 of the Federal Social Security Act, the United States cannot recover overpayments if recovery would defeat the purpose of the statute *"or would be against equity and good conscience."* (Emphasis added.) (42 U.S.C. sec. 404(b) (1976).) The regulations promulgated under that section state:

> " 'Against equity and good conscience' means that adjustment or recovery of an incorrect payment *** will be considered inequitable if an individual, because of a notice that such payment would be made or by reason of the incorrect payment, relinquished a valuable right *** or changed his or her position for the worse ***. In reaching such a determination, the individual's financial circumstances are irrelevant." 20 C.F.R. sec. 404.509 (1983).

The reference to an individual's financial circumstances is stated to mean "to deprive a person of income required for ordinary and necessary living expenses. This depends upon whether the person has an income or financial resources sufficient for more than ordinary and necessary needs, or is dependent upon all of his current benefits for such needs." 20 C.F.R. sec. 404.508(a) (1983).

Cases under the Federal statute have determined that the recipient has the burden of showing relinquishment of a valuable right or a change for the worse in his position. (See *Sierakowski v. Weinberger* (6th Cir. 1974), 504 F.2d 831, 836. See also *Milton v. Harris* (7th Cir. 1980), 616 F.2d 968, 974.) We find the reasoning of these cases to be persuasive in our interpretation of the similar terms of the Illinois statute.

The judgment of the circuit court of Du Page County is reversed and the cause remanded to the Department of Labor for a further hearing consistent with this opinion.

Reversed and remanded.

UNVERZAGT and NASH, JJ., concur.