Lillian M. Deisenroth, Plaintiff-Appellee, v. Loren L. Dodge and Harold Bleuer, Defendants-Appellants.

Gen. No. 10,657.

Opinion filed March 26, 1953.

Released for publication April 13, 1953.

EAGLE & EAGLE, of Rock Island, for appellants.

LEO J. HERBERT, and EARL L. SCOTT, both of Rock Island, for appellee.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from the circuit court of Rock Island county from an interlocutory decree granting a preliminary mandatory injunction to Lillian M. Deisenroth, plaintiff-appellee, directing Lauren L. Dodge and Harold Bleuer, defendants-appellants, to

remove a barricade erected by them across a roadway over which the plaintiff claimed a right of way.

The trial court issued the preliminary injunction after a hearing, a notice, and arguments of counsel. No evidence was taken. The injunction was issued based on the allegations in the verified complaint.

It appears that for many years prior to 1949 Mathias Bachman owned a parcel of land abutting and north of the Rock River; that for many years prior to his death in about 1949, he had leased various tracts of this land to people who desired to erect summer homes; that in 1949 after his death the land was partitioned among his heirs in the circuit court of Rock Island county, Illinois; that in this proceedings the land was platted and divided into about thirty tracts as shown by the plat identified as "commissioner's plat," a copy of which is attached to the complaint. The plat shows that the tracts are in general in two tiers abutting each other at the back. The north tier of platted tracts abuts, on the north, an improved state highway known as the Blackhawk Road. The south tier of tracts abuts the Rock River. The western boundary of the commissioner's plat is a U. S. government highway. There is no roadway along the eastern boundary of the plat. The roadway in question is not shown on the plat. The platted parcel of land is largely rectangular and about three times as long east and west as it is north and south. The controversy here is concerned only with the four tracts at the east end of the plat.

Tract A abuts the Rock River and Tract A–A the Blackhawk Road. The north boundary of tract A is the south boundary of tract A–A. At the partition sale defendant Harold Bleuer purchased tract A–A; defendant Lauren L. Dodge purchased tract A. Tracts B and Z are immediately west of tracts A and A–A and their east and west boundaries are identical. Tract

21

B abuts the Rock River on the south and tract Z abuts the Blackhawk Road on the north. Tracts B and Z were purchased at the partition sale by the plaintiff, Lillian M. Deisenroth.

From about 1937 until the date of the sale, the plaintiff and her father before her, now deceased, had rented tract B where they had erected a cottage facing the river. Rent was paid for the use of the land. During the year 1937, Mathias Bachman, the owner of the entire tract, built a roadway for the use of his tenants, who had erected cottages along the river. This roadway was made of rock and gravel and was used for road purposes from 1937 until the present time. The roadway begins at the Blackhawk Road, just inside the east boundary of tract A–A, and extends south entirely across tract A–A to the center of tract A where it turns west across tract A and tract B and thence to the U. S. government highway. ~~At the partition sale it was announced by the master in chancery who sold the premises that the purchasers of the various tracts would have access to and use of this roadway.~~ Prior to the issuance of the preliminary injunction, the defendants erected a barricade across the roadway east of the boundary between lots A and B. This barricade prevented plaintiff from using the road east and north to the Blackhawk Road. The plaintiff still had access to the U. S. highway to the west.

The defendants' sole contention is that, admitting all the above facts to be true, the court was without legal authority to issue a preliminary mandatory injunction requiring the defendants to remove the barricade across the roadway.

■ The primary purpose for the issuance of a temporary mandatory injunction is to preserve the status quo until there can be a final hearing upon the merits. The status quo which will be preserved by a prelimi-

22

nary injunction is "the last actual, peaceful, non-contested status which preceded the pending controversy." (43 C. J. S. 428.) Ordinarily the status quo is preserved by keeping everything at rest in its present condition. At times, however, this relief will be fatal to the rights which the complainant alleges and seeks to establish. (*Quinn v. Fountain Inn,* 218 Ill. App. 260 (1st. Dist.).)

In the *Quinn* case the defendant-lessor had taken forcible possession of premises then in the possession of the plaintiff-lessee under a lease. The courts sustained the issuance of a preliminary mandatory injunction and said, "While as a general rule the courts will not grant a preliminary injunction to change the possession of real property, they will do so where it is clear that the defendant's possession is an interruption of the prior possession of the plaintiff to which he was entitled." The court quoted from *Toledo, A. A. & N. M. Ry. Co. v. Pennsylvania Co.* (54 Fed. 730) : "Generally it (the status quo) can be accomplished by an injunction prohibitory in form, but it sometimes happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury on the complainant. . . . In such a case, courts of equity issue mandatory writs before the case is heard on its merits."

In *City of Rock Island v. Central Union Tel. Co.,* 132 Ill. App. 248, an opinion written by Justice Dibell, this court approved the issuance of a temporary mandatory injunction. Judge Dibell quoted with approval, verbatim, the rule laid down in the Pennsylvania case, above mentioned, as to when a mandatory preliminary injunction should be granted.

In *Baldassano v. Accettura,* 336 Ill. App. 445 (1st. Dist.), the Appellate Court again, as in the *Quinn* case, recognized the right of the court to issue a preliminary

23

mandatory injunction. In effect this case held that to preserve the status quo the facts required the issuance of a temporary mandatory injunction. This court recently, in *Scholz v. Barbee,* 344 Ill. App. 630, held that a preliminary mandatory injunction would issue under the facts in that case. The plaintiffs and the·defendants owned an apartment building as joint tenants. The defendants forcibly took possession of part of the premises formerly used jointly as a washroom, and a temporary mandatory injunction was issued requiring the defendants to let the plaintiffs jointly use the room. It was urged in that case as here that the court had no right to issue such an injunction.

Defendants in the instant case strongly argued that in the case of *Dobrinsky v. Boylan,* 222 Ill. App. 494, written by JUSTICE DIBELL, this court held that a preliminary mandatory injunction could not be issued. This opinion did hold that an injunction, commanding the defendants to remove an obstruction of a right of way across their land and to restore the right of way to its former condition, was improvidently granted before the issues were joined and before the rights of the defendants could be tried. It further stated that a mandatory injunction commanding the doing of some positive act cannot be lawfully issued except on a final hearing. This case was decided in 1921 and has been overruled by the *Scholz* case above mentioned if we adhere to it.

The *Dobrinsky* case was based on language used in *Wangelin v. Goe,* 50 Ill. 459, decided in 1869, and the *Lake Shore & M. S. Ry. Co. v. Taylor,* 134 Ill. 603, decided in 1890. In our opinion the language in the *Wangelin* case stating that it is not ever proper to issue a preliminary mandatory injunction for the purpose of restraining the defendant from doing an act which he has alleged to have already done is *dicta,* as the court held that it did not have jurisdiction because

24

the parties who sought the injunction had an adequate remedy at law. The suit was dismissed for this reason.

The *Taylor* case we do not regard as being in point.

We do now hold that a temporary mandatory injunction may be issued where the facts require it to preserve the status quo. (*Scholtz v. Barbee*, 344 Ill. App. 630.) What was said to the contrary in the *Dobrinsky* case is overruled.

Under the facts as stated in the complaint in the instant case, it appears that the right of way had been commonly used since 1937. It was an improved road and intended to give the right of egress and ingress to the plaintiff and other persons living in the area. The plaintiff had a right to use this road in the same manner as she would if she had a deed to it. Defendants knew of the use of the right of way and without legal proceedings forcibly closed it. The plaintiff's possession and use of the roadway was interrupted by the action of the defendants. The status quo to be preserved here was the last "actual, peaceable, non-contested status preceding the pending controversy." At the time the barricade was erected the plaintiff was and had been for many years using the roadway peaceably without contest or claim of right from anyone else. Here, as announced by the above authority, the maintaining of the status quo was a condition not of rest but of action, and the condition of action required the issuance of the preliminary mandatory injunction. We believe the position of the defendants, that the court had no power to grant a temporary mandatory injunction regardless of the facts, is not sustained by the weight of authority. Under the allegations of the complaint, it appears that the defendants took forcible possession of the plaintiff's property in the same manner as if they had evicted her from her home. It surely could not be said that it would be just and right for a court of equity to say, "We cannot give

25

you a temporary mandatory writ of injunction until there has been a full hearing upon your complaint." A hearing to have the question determined upon its merits might necessarily involve a long period of time.

We believe the facts in the above cases where preliminary mandatory injunctions have been issued are similar to the facts here. As indicated by the above cases, we believe that the plaintiff was entitled to the preliminary mandatory injunction, and that the court's decree issuing the same was within its discretion and should be affirmed.

*Decree affirmed.*