CHARLOTTE MOORE, Plaintiff-Appellee, *v.* CARL MANKOWITZ, Acting Director, Department of Public Aid, *et al.*, Defendants-Appellants.

Fourth District   No. 4—83—0771

Opinion filed October 3, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of counsel), for appellants.

George Bell, of Land of Lincoln Legal Assistance Foundation, Inc., of Champaign, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The Department of Public Aid, and its director, Carl Mankowitz, appeal from an order of the circuit court of Macon County staying the reduction of plaintiff's AFDC benefits from $236 per month to $71 per month for a period of three months for plaintiff's failure to attend a WIN demonstration program meeting without good cause. We affirm.

Plaintiff, Charlotte Moore, resides in Macon County and receives AFDC benefits of $236 per month. Under provisions of the Illinois Public Aid Code, the Department is required to "initiate, promote and develop job search, training and work programs which will provide employment for and contribute to the training and experience of persons" receiving AFDC benefits. (Ill. Rev. Stat. 1981, ch. 23, par. 9—6.) Section 11—20 of the Illinois Public Aid Code requires that each applicant or recipient of AFDC who is able to engage in employment and who is unemployed or working less than full time shall register for additional employment with the system of free public employment offices and shall utilize job placement services and other facilities. (Ill.

Rev. Stat. 1981, ch. 23, par. 11—20.) The Illinois Public Aid Code provisions and regulations thereunder (see 89 Illinois Administrative Code sec. 112.70 (1983)) were adopted to meet the requirements for Federal participation in Illinois' AFDC program. Section 602(a)(19)(A) of the Social Security Act requires as a condition of Federal financial participation that State plans shall provide for manpower services, training, employment, and other related activities. (42 U.S.C. sec. 602(a)(19)(A) (1976); 45 C.F.R. sec. 224.0 (1983).) The program required by the Social Security Act and administered by the State is called the work incentive demonstration program, whose purpose is to "decrease dependency on the public welfare system by promoting employment opportunities for AFDC recipients." 89 Illinois Administrative Code sec. 112.70(a) (1983).

On May 17, 1983, the local WIN worker sent plaintiff a notice requiring her to appear at the WIN office on May 24, 1983, for the purpose of verifying that she had made 10 contacts for employment. Plaintiff failed to attend the meeting but called one week later to inform the local WIN worker that she was attending cosmetology school. A second notice was sent to plaintiff for an appointment on June 8, 1983, but plaintiff again failed to show up for the meeting. The WIN worker then submitted a report to the Macon County Department of Public Aid recommending a three-month sanction for plaintiff's failure to keep the appointments. Plaintiff was notified of the reduction on July 14, 1983; she then requested a hearing, and on August 29, 1983, a hearing was held at the Macon County Department of Public Aid.

This case is presented in the unusual posture that, at the time the order for stay was issued by the trial court, the report of administrative proceedings had not been filed. Moreover, it has not been filed and is not available upon review. It is presented that the hearing officer swore the witnesses and heard evidence by telephone while that officer was in Chicago, and the plaintiff, her counsel and testimony were presented in Decatur. The proceedings included cross-examination of witnesses by plaintiff and the submission of documentary evidence.

The only apparent dispute at the hearing was whether the plaintiff called the WIN worker a day after the second meeting. The WIN worker disagreed that plaintiff called her, and the Department's findings and order indicate that the Department believed the WIN representative. The director of the Department of Public Aid affirmed the Department's decision to reduce plaintiff's welfare benefits for three months as a sanction for violating Department regulations. Depart-

ment regulations provide that "sanctions will be imposed against those nonexempt individuals who refuse or fail to participate without good cause with [WIN]." 89 Illinois Administrative Code sec. 112.73(a) (1983).

Plaintiff then sought administrative review of the Department's ruling, contending that the telephone hearing procedure violated due process and applicable provisions of the Public Aid Code and Department regulations. The complaint also charged that the Department's WIN rules were not properly promulgated, the WIN demonstration program was not operated as required by Federal law, and the Department's decision that plaintiff failed to cooperate without good cause was against the manifest weight of the evidence.

On October 28, 1983, the circuit court stayed the Department's decision, finding that irreparable harm to the plaintiff had been demonstrated and that plaintiff had demonstrated a likelihood of success on the merits. At the time the trial court entered its stay order, the Department had not yet filed its answer. The trial court went on to certify two questions of law as to which the court found there was a substantial ground for a difference of opinion and the resolution of which would materially advance the termination of the litigation. These two questions certified by the trial court under Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)) were whether the Department had the authority to conduct telephone hearings and whether such hearings violated due process of law. Defendant's notice of appeal, however, specifies that an appeal was taken under Supreme Court Rule 307(a) allowing an appeal from an interlocutory order granting an injunction. 87 Ill. 2d R. 307(a).

Upon such background presented only in the briefs, counsel project their respective arguments upon constitutional and statutory validity. It appears clear that the granting of a stay by the court does not supply a ruling on the matters argued here and are not presented to this court for review with any record of the actual proceedings upon administrative review by the trial court.

■ To take an appeal under Supreme Court Rule 308 it is necessary not only for the trial court to make the findings that the order involves a question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal would advance the termination of the litigation, but there must also be an order from this court allowing this type of discretionary appeal. Thus, aside from the fact that defendants' notice of appeal specifies that an appeal is taken under Rule 307(a), this court has never entered an order allowing an appeal under Rule 308(a). We are also not aware of an appro-

priate instance for the certification of a question under Supreme Court Rule 308, where a trial court sitting in administrative review certifies a question without having a record of the administrative hearings before it. The certified questions are not properly before us, and we express no opinion on these questions, except to the extent that they support the trial court's stay order.

■ Section 3—111 of the Administrative Review Law provides that the circuit court may stay a decision of an administrative agency upon a showing of good cause. (Ill. Rev. Stat. 1981, ch. 110, par. 3—111.) At the outset, plaintiff argues that our review of the trial court's stay order should be determined solely by reference to whether good cause has been demonstrated, rather than by considering whether the traditional equitable standards which govern the issuance of injunctions have been met. (See *People ex rel. Edgar v. Miller* (1982), 110 Ill. App. 3d 264, 441 N.E.2d 1328; *People ex rel. Fahner v. Steel Container Corp.* (1981), 102 Ill. App. 3d 369, 430 N.E.2d 68.) In *Miller*, this court held that where an injunction is sought pursuant to a statute, the traditional equitable requirements are dispensed with and the requirements of the statute, in this case "good cause," are controlling. There, the Secretary of State sought to enjoin the defendants from selling securities without a license in violation of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1981, ch. 121½, pars. 137.11(K), 137.13(F)). The statute allowed the Secretary of State to apply for an injunction upon a "proper showing." In holding that the Secretary need not demonstrate the traditional equitable requirements, we reasoned that since the legislature had seen fit to enact the legislation, it would be presumed that there was a need for the injunctive remedy and that if the phrase, "proper showing," was a recognition of the judicial requirements for an injunction, it was mere surplusage, since courts can issue injunctions without any directions from the legislature. The same can be said here with reference to the standard of good cause, and though in *Miller* the statute authorizing the injunction was part of a broader regulatory scheme unlike here, we conclude that good cause as used in section 3—111 does not require a showing of the traditional equitable requirements. We do not regard *Coordinating Committee of Mechanical Specialty Contractors Association v. O'Connor* (1981), 92 Ill. App. 3d 318, 416 N.E.2d 42, and *Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276, as controlling. In both cases, the appellate court applied the traditional equitable factors in reviewing a stay order under the Administrative Review Law, but in each case the court merely assumed that such standards would apply.

Plaintiff argues that good cause requires only a showing that irreparable harm would occur unless the agency action is stayed pending judicial review of the claim. We disagree. Without some limitation on the right to a stay, the requirement of good cause would allow any administrative action to be suspended even though the plaintiff had no possibility of ultimately prevailing on the merits. We believe that the requirement of good cause requires a showing that an immediate stay is required in order to preserve the *status quo* and that the plaintiff has raised at least a fair question as to the likelihood of success on the merits. In this case we believe that both have been demonstrated.

The necessity to preserve the *status quo* is demonstrated, since the plaintiff's AFDC benefits constitute her only source of income, and without the stay any later award of retroactive benefits to plaintiff if she succeeds on the merits would not adequately compensate her for the three-month loss of income.

■ Plaintiff's brief raises issues concerning the nature and constitutionality of the administrative procedure. The Department has filed a motion for leave to cite as additional authority *Sleeth v. Department of Public Aid* (1984), 125 Ill. App. 3d 847, 466 N.E.2d 703. We hereby grant that motion. The *Sleeth* court concluded that procedures utilized by the Department for telephone conference hearings failed to meet statutory requirements of the Public Aid Code. In this case, however, we conclude that issues of the construction of the statutes and administrative rules are premature until such time as the administrative answer to the complaint has been reviewed by the circuit court. We are presently concerned only with whether the circuit court abused its discretion in issuing the stay. It is either apparent or very likely that the full effect of the proposed sanction would have been suffered before a full review in the trial court can be completed. Issues of law and issues of facts have been raised, and the necessity of maintaining the *status quo* has been sufficiently established to support a conclusion that the granting of a stay was not an abuse of discretion.

For the foregoing reasons, the order of the circuit court of Macon County staying the Department's decision to reduce plaintiff's AFDC benefits is affirmed.

Affirmed.

GREEN and WEBBER, JJ., concur.