ALEXANDER GORR, Plaintiff-Appellee, v. BOARD OF FIRE AND PO-
LICE COMMISSIONERS *et al.*, Defendants-Appellants.

Second District   No. 84—467

Opinion filed December 14, 1984.

Stephen J. Culliton, of Civinelli, Bakalis & Culliton, of Bloomingdale, for appellants.

Wayne B. Giampietro and Gregory N. Freerksen, both of DeJong, Poltrock & Giampietro, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Alexander Gorr, the chief of police of the village of Addison, filed his complaint in the circuit court of Du Page County seeking review under the provisions of the Code of Civil Procedure, formerly known as the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*), of a final administrative decision of the board of fire and police commissioners of the village of Addison discharging him as a police officer of the village, and naming the board, its commissioners individually, and the village trustees individually, as defendants. A motion to stay the decision of the board was thereafter filed by plaintiff pursuant to section 3—111(a)(1) of

the Code. Subsequently, the trial court, after considering transcripts of portions of the administrative hearings, issued an order staying the decision of the board and reinstating plaintiff to his position pending a full hearing on the complaint for review of the administrative decision.[1]

Defendants have taken this interlocutory appeal from the stay order raising numerous issues relating to the denial of defendants' motion to dismiss the motion for the stay order and to the merits of the trial court's decision to issue a stay order.

Although not directly raised by the parties, we *sua sponte* have a duty to consider our jurisdiction to hear this appeal and to dismiss the appeal if jurisdiction is wanting. *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539; *Village of Mundelein v. Aaron* (1983), 112 Ill. App. 3d 134, 445 N.E.2d 57; *Allabastro v. Wheaton National Bank* (1980), 91 Ill. App. 3d 222, 414 N.E.2d 537.

■ The authority of the trial court to issue an order staying the decision of an administrative agency pending final disposition of the case, which was requested here, is provided by section 3—111(a)(1) of the Code as follows:

"Sec. 3—111. Powers of circuit court. (a) The Circuit Court has power:

(1) with or without requiring bond (except if otherwise provided in the particular statute under authority of which the administrative decision was entered), and before or after answer filed, upon notice to the agency and good cause shown, to stay the decision of the administrative agency in whole or in part pending the final disposition of the case ***." (Ill. Rev. Stat. 1983, ch. 110, par. 3—111(a)(1).)

The issuance of a stay order is clearly an interlocutory order and not a final judgment, as it does not determine the issues presented by the pleadings which would ascertain and fix absolutely and finally the rights of the parties in the lawsuit. (See *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119, 382 N.E.2d 1217.) Appeals from interlocutory orders are governed by Supreme Court Rules 306, 307, and 308. 87 Ill. 2d Rules 306, 307, and 308.

■ Appeal from the stay order entered here clearly is not provided for in Rule 306. Defendants did not bring this appeal pursuant

---

[1]We note that at oral argument on November 20, 1984, the parties informed this court that the trial judge had not yet rendered a decision on the merits even though the cause was fully argued and submitted to him in July 1984. A prompt decision below may have obviated judicial review of the stay order and conserved judicial and litigant resources.

to Rule 308 by requesting permission to appeal a question of law under the provisions set forth in this rule. It is apparent from the briefs that both parties assume the stay order has the effect of an injunction and is appealable as a matter of right under Rule 307(a)(1), which allows appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 87 Ill. 2d R. 307(a)(1).

While there are Illinois Appellate Court decisions which are apparent authority for the proposition that the standards applied in staying a decision of an administrative body are equivalent to those applied in granting injunctive relief and in which the appellate court applied those standards in reviewing a stay order (see, *e.g., Coordinating Committee of Mechanical Specialty Contractors Association v. O'Connor* (1980), 92 Ill. App. 3d 318, 320-21, 416 N.E.2d 42; *Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 805-06, 336 N.E.2d 276; but see *Moore v. Mankowitz* (1984), 127 Ill. App. 3d 1050, 469 N.E.2d 1133), it does not appear that the appealability question present under the particular facts here was considered. Also, in *Cahokia Sportservice,* upon which *Coordinating Committee* relies, injunctive relief was specially sought along with the stay order provided for under the former Administrative Review Act. We also recognize that in determining what constitutes an injunction order subject to interlocutory review, the courts look to the substance rather than to the form. See *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 180-81, 303 N.E.2d 1.

The stay order issued in this case is specifically provided for in section 3—111(a)(1) of the Code of Civil Procedure, and its issuance is limited to proceedings to review an administrative decision "upon notice to the agency and good cause shown" to stay the decision of the administrative agency pending the final disposition of the case by the trial court. The proceedings for plaintiff's discharge were brought under section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17), which itself makes no specific provision for a stay pending administrative review except as is provided in section 3—111(a)(1).

If an interlocutory stay order or a denial thereof under section 3—111(a)(1) were to be reviewable, our supreme court would have specifically provided for such an appeal as it has done for the interlocutory appeals enumerated in Rules 307(a)(1) through (a)(7). Under the statutory procedure utilized here for issuance of a stay order, we conclude the interlocutory order is not specifically reviewable under

Rule 307, and we do not equate this issuance or denial of a stay order under section 3—111(a)(1) as establishing the equivalent of injunctive relief for which Rule 307(a)(1) allows an interlocutory appeal.

We believe that the authority to issue a stay order as provided in section 3—111(a)(1) was intended to give the trial court broad judicial discretion to grant or deny a stay of the administrative decision, in whole or in part, pending judicial review, exclusive of any relief which might be obtainable under section 11—101 *et seq.* of the Code of Civil Procedure (formerly the Injunction Act) (Ill. Rev. Stat. 1983, ch. 110, par. 11—101 *et seq.*). Thus, where temporary relief is sought under section 3—111(a)(1), the court in its careful exercise of judicial discretion may grant a stay of the administrative decision upon "good cause shown" without applying the traditional standards applicable for issuance of an injunction. No interlocutory appeal is provided for in the supreme court rules for review of a stay order issued or denied pursuant to section 3—111(a)(1).

Nonetheless, a party seeking to preserve the status quo pending judicial review of an administrative agency's decision may choose instead to seek injunctive relief under section 11—101 *et seq.* of the Code, which requires that party to meet its burden on the standard issues necessary for the granting of injunctive relief. An interlocutory order granting or denying injunctive relief is appealable under Rule 307(a)(1). As the stay order was specially sought here pursuant to section 3—111(a)(1),[2] appeal from its issuance is not authorized.

For the foregoing reasons, the appeal is dismissed.

Dismissed.

NASH, P.J., and HOPF, J., concur.

---

[2]The parties and the court in the proceedings below appear to have considered the principles applicable to injunctions. However, on appeal the parties do not agree that the requirements for injunctive relief are relevant, and plaintiff contends that he specifically sought relief under section 3—111(a)(1), which requires only a showing of good cause.