THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. THOMAS LEE SALES, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District   No. 2—88—0013

Opinion filed March 15, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz and Shawn W. Denney, Solicitors General, and Rosalyn B. Kaplan and Deborah L. Ahlstrand, Assistant Attorneys General, of Chicago, of counsel), for appellant.

David W. Mandrgoc, of Mandrgoc Law Office, of Dixon, for appellee Thomas Lee Sales.

Daniel A. Fish, State's Attorney, of Dixon (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

This court's previous opinion in this case (*People v. Sales* (1989), 180 Ill. App. 3d 743), which dismissed the present appeal, was vacated by order of the supreme court on October 4, 1989. (*Sales*, 127 Ill. 2d 636, 544 N.E. 2d 391.) The supreme court remanded the case to this court, and we now consider the issues presented for review.

Defendant, Thomas Lee Sales, after being properly advised of his rights, pleaded guilty to two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(b)), having committed an offense upon two of his minor daughters. The judgments of convictions and sentences of the circuit court of Lee County were entered on November 9, 1987. Defendant was sentenced to two concurrent four-year periods of probation with numerous conditions and restrictions, including 60 days of periodic imprisonment, with work release and counseling.

Upon conviction of such a crime, the Illinois Vehicle Code (Code) requires the Secretary of State (Secretary) to revoke the defendant's driver's license (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(b)(2)). On defendant's motion and without objection by the State's Attorney, the circuit court entered an order *nunc pro tunc* directing the Secretary to issue a restricted driving permit (RDP) to defendant for the purpose of attending counseling and work. The Secretary contends that the trial court exceeded its authority by ordering the Secretary to issue a RDP to defendant. Based on the facts of this case, we agree, and we vacate the order.

■ Defendant argues, apparently for the first time on appeal, that the mandatory revocation of his driver's license is unconstitutional as a violation of due process and equal protection under the State and Federal Constitutions. However, we will not consider defendant's arguments, as the record does not show that they were properly raised and ruled upon in the trial court below. Generally, constitutional issues cannot be raised for the first time on appeal; they are therefore waived. *Sheldon v. Edgar* (1985), 131 Ill. App. 3d 489, 495; *Nugent v. Miller* (1983), 119 Ill. App. 3d 382, 387.

■ Section 6—205(b)(2) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(b)(2)) requires the Secretary to revoke the driver's license of an individual convicted of aggravated criminal sexual abuse, as in the present case, upon the Secretary's receipt of notice of that convic-

tion. However, such an individual may receive a RDP pursuant to subsection (c) of section 6—205 of the Code, which provides in part:

"Whenever a person is convicted of any of the offenses enumerated in this Section, the court may recommend and the Secretary of State *in his discretion,* without regard to whether such recommendation is made by the court, may, if application is made therefor, issue to such person a restricted driving permit \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(c).

The Secretary contends that the plain statutory language places the ultimate decision of issuing a RDP within the scope of the Secretary's discretion, subject only to judicial review by a circuit court after the Secretary has rendered its final administrative decision. Ill. Rev. Stat. 1987, ch. 95½, par. 6—212; see generally *Ball v. Edgar* (1988), 165 Ill. App. 3d 349, 352; *Foege v. Edgar* (1982), 110 Ill. App. 3d 190, 195-96.

■ The circuit court has ordered the Secretary to perform not merely ministerial duties, but to exercise its powers of discretion. As the Secretary has pointed out, the plain statutory language of section 6—205(c) of the Code expressly grants the Secretary discretion to issue a RDP upon submission of an application by the convicted driver. Since the statutory language is simple and unambiguous, it is improper for a court to depart from the plain language by reading into the statute exceptions, limitations, or conditions which conflict with the clearly expressed legislative intent. *Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363.

The Illinois Constitution divides the powers of government among the legislative, executive, and judicial departments and provides that none of these shall exercise powers belonging to the others. It is clear that the judicial department may not take, as its own, discretionary powers vested in an executive officer. (*People v. Henry* (1974), 20 Ill. App. 3d 73, 74.) The function of the trial court is to review the exercise of discretion by the Secretary, not to exercise that discretion. In substituting its discretion for that of the Secretary by ordering the issuance of a RDP, the trial court violated the separation of powers doctrine. *Ball,* 165 Ill. App. 3d at 353-54.

■ A void judgment is one entered by a court without jurisdiction of the parties or the subject matter or that lacks the inherent power to make or enter the particular order involved. Such a judgment may be attacked at any time, either directly or collaterally. (*People v. Wade* (1987), 116 Ill. 2d 1, 5.) The statute in question contemplates that the trial court may merely recommend the issuance of a

RDP. In the present case, the trial court exceeded its powers by ordering the issuance of the RDP. Therefore, the order of December 3, 1987, requiring the Secretary to issue a RDP, is void.

For the above stated reasons, the order of the circuit court of Lee County is vacated.

Vacated.

DUNN and GEIGER, JJ., concur.