TONY L. MARKERT, Plaintiff-Appellee, v. GEORGE H. RYAN, Secretary of State, Defendant-Appellant.

Fourth District    No. 4—92—0981

Opinion filed August 12, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of Chicago, of counsel), for appellant.

Charles S. Watson, of Feldman & Wasser, of Springfield, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On September 10, 1992, the Secretary of State (Secretary) denied the application of plaintiff Tony L. Markert for reinstatement of his full driving privileges or, in the alternative, for a restricted driving permit (RDP). On October 13, 1992, plaintiff filed a complaint in the circuit court of Sangamon County for administrative review of the Secretary's decision. In addition, plaintiff filed a motion to stay the Secretary's order denying reinstatement of his full driving privileges or an RDP. On November 2, 1992, the circuit court entered an order granting plaintiff's motion to stay the Secretary's order and extending defendant's previously issued RDPs until final decision was made on review. The Secretary filed the instant interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)). On appeal, the Secretary claims that the court erred in staying his decision

to deny plaintiff driving relief and extending plaintiff's previously issued RDPs pending final decision on administrative review because (1) the circuit court had no authority to issue the order, and (2) in any event, the court abused its authority because the stay did not merely sustain the status quo. We disagree and affirm.

The record indicates the Secretary revoked plaintiff's driver's license on June 25, 1986, pursuant to section 6—205(a)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(a)(2)), following plaintiff's conviction for driving under the influence of alcohol (DUI). Subsequently, on March 18, 1992, the Secretary issued plaintiff two RDPs pursuant to section 6—205(c) of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 6—205(c)), granting plaintiff driving privileges in conjunction with his employment as a farmer and to attend Alcoholics Anonymous (AA) meetings. The RDPs were to expire October 29, 1992. On August 25, 1992, plaintiff petitioned the Secretary for reinstatement of his full driving privileges or, in the alternative, issuance of an RDP. A hearing was held and the hearing officer subsequently issued her written findings recommending that the Secretary deny plaintiff's application for reinstatement of his full driving privileges or an RDP. The Secretary issued a final decision fully adopting the hearing officer's findings of fact and conclusions of law and denied plaintiff both full reinstatement and an RDP.

Plaintiff filed a complaint for administrative review of the Secretary's decision pursuant to the Administrative Review Law (Review Law) (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*), together with a motion to stay (Ill. Rev. Stat. 1991, ch. 110, par. 3—111(a)(1)), requesting the court to renew his previously issued RDPs. Plaintiff's motion to stay asserted that (1) his previously issued RDPs would expire prior to the administrative review of the Secretary's decision; (2) he was a self-employed farmer and he needed to drive in order to operate his farm; (3) he had not been ticketed or otherwise been in violation of the requirements set forth in his RDPs; (4) he presented no danger to the motoring public and the expiration of his RDPs would result in irreparable harm; and (5) the issuance of a stay would preserve the status quo and would have the effect of continuing the already issued RDPs.

Attached to the motion to stay was plaintiff's affidavit essentially asserting (1) he had been sober since July 1989; (2) he had not been convicted of DUI since 1985; (3) he had not been convicted of any moving violation since 1985; (4) he had not violated the terms of his RDPs; (5) if he was unable to drive a motor vehicle he would not be able to sell his crops which would ultimately lead to bankruptcy; (6) he

could not afford to pay anyone to haul his crops; and (7) if he could not operate his farm he would not be able to pay tuition for his two children currently enrolled in college.

On October 29, 1992, the Secretary filed a special and limited appearance alleging the circuit court lacked jurisdiction to hear plaintiff's complaint because he had not received a properly issued summons. Consequently, plaintiff obtained an alias summons which was served on the Secretary, and a hearing on the motion to stay was held November 2, 1992. The hearing and subsequent order allowing plaintiff's motion to stay and extending his RDPs was entered after the expiration of the RDPs on October 29, 1992.

Section 3—111(a)(1) of the Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—111(a)(1)) provides that the circuit court may order a stay of an administrative decision upon a showing of good cause pending the final disposition on administrative review. Good cause is not determined by traditional equitable requirements, but rather "requires a showing that an immediate stay is required in order to preserve the *status quo* and that the plaintiff has raised at least a fair question as to the likelihood of success on the merits." (Emphasis in original.) *Moore v. Mankowitz* (1984), 127 Ill. App. 3d 1050, 1055, 469 N.E.2d 1133, 1137.

The Secretary's contention that the circuit court lacked the power to grant plaintiff a privilege to drive under restricted conditions pending appeal is based upon *People v. Sales* (1990), 195 Ill. App. 3d 160, 551 N.E.2d 1359. There a defendant had pleaded guilty to two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(b)). Section 6—205(b)(2) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(b)(2)) required the Secretary to revoke the driver's license of a person convicted of such an offense, but section 6—205(c) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(c)) provided that upon such a conviction, the court might " 'recommend' " issuing an RDP and the Secretary might " '*in his discretion*, without regard to whether such recommendation is made by the court' " (emphasis in original), issue an RDP to such a defendant. (*Sales*, 195 Ill. App. 3d at 162, 551 N.E.2d at 1360, quoting Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(c).) There the circuit court, without recommending issuance of such a permit, ordered the Secretary to do so.

On appeal by the Secretary to the Second District Appellate Court in *Sales*, that court vacated the order for issuance of the RDP as void. The appellate court reasoned that the order violated the separation of powers doctrine. The *Sales* court explained that the legislature had given to the executive branch, the Secretary, the power to exer-

cise discretion in regard to the granting of the RDP. That court concluded that the legislature gave the court merely the power to recommend and, after the exercise of the discretion by the Secretary, to pass upon whether that exercise of discretion had been abused.

There, the grant of the restricted driving privileges assumed by the circuit court was not part of the legislatively granted power to issue a stay upon administrative review. Here, the circuit court granted the restricted driving privileges pending appeal pursuant to its power to stay orders of administrative decisions pending judicial review of that decision as set forth in section 3—111(a)(1) of the Review Law. A circuit court is faced with a serious decision in determining whether to grant a stay requiring issuance of an RDP *pendente lite* in a case of this nature because of the danger a person likely to drive while intoxicated imposes upon the public. However, here, the court was acting within its legislatively granted power and did not infringe on the executive power of the Secretary.

The question of whether the circuit court abused its discretion by ordering that plaintiff be given restricted driving privileges pending the judicial review of the Secretary's denial of his request for an RDP is more complex. The status quo has been defined as " 'the last actual, peaceful, non-contested status which preceded the pending controversy.' " (*American Telephone & Telegraph Co. v. Village of Arlington Heights* (1988), 174 Ill. App. 3d 381, 387, 528 N.E.2d 1000, 1004, quoting *In re Marriage of Sherwin* (1984), 123 Ill. App. 3d 748, 753, 463 N.E.2d 755, 758; *Deisenroth v. Dodge* (1953), 350 Ill. App. 20, 23, 111 N.E.2d 575, 576.) The Secretary contends that the time for determining the situation to maintain was that which occurred on November 2, 1992, when the circuit court ruled upon plaintiff's request for a stay. This was after the RDPs had expired on October 29, 1992. If that was the situation to be preserved by a stay, plaintiff would not have been entitled to any restricted driving privileges pending judicial review of the administrative denial of an RDP renewal.

If the status quo is that which exists at the time the request for a stay is made, stay orders would have little effect. Here, the Secretary entered the administrative order denying a new RDP on November 2, 1993. At that time the RDPs were in effect. The major thrust of the Secretary's position is that although the RDPs were then in effect, the status quo was that they would expire shortly. The Secretary also contends that the RDPs were the result of another proceeding and are too remote to the question of issuance of a new RDP to be considered in determining the status quo.

Both parties cite the case of *People ex rel. Carpentier v. Goers* (1960), 20 Ill. 2d 272, 170 N.E.2d 159. There, a defendant had sought review of the Secretary's decision to *revoke* his license to sell automobiles. The circuit court entered an order staying the Secretary's order of revocation. While pending review in the appellate court, the defendant reapplied for a dealership license, which the Secretary denied based on the same grounds as the original revocation. While that administrative decision was pending review in the appellate court, the defendant again applied for a dealership license, which the Secretary again denied. The Secretary then brought an action in the circuit court seeking to enjoin the defendant from engaging in business without a license. At issue was the effect of the stay order on the defendant's subsequent applications for a license. The defendant argued that the stay order entered by the circuit court pending review of the Secretary's decision to revoke his license gave his license "continuing validity." (*Goers*, 20 Ill. 2d at 278, 170 N.E.2d at 162.) On appeal, the supreme court rejected defendant's position, stating it was inconsistent with the statutory scheme providing for licenses that expire at the end of each calendar year. *Goers*, 20 Ill. 2d at 278, 170 N.E.2d at 162.

The *Goers* court did recognize that even though dealership licenses expire in one year, each licensing period was not completely unrelated to each other. It reasoned that because the grounds upon which the license was revoked could be used as a basis for a denial of a subsequent application, the revocation of a license had a continuing effect. Accordingly, the court stated that the stay of a revocation order means that while administrative review is pending the administrative agency cannot deny a subsequent license application on the same grounds used as a basis for the revocation order pending review.

Citing *Goers*, the Secretary maintains that the effect of the stay imposed by the circuit court here was to give "continuing validity" improperly to the expired RDPs. Citing *Goers*, plaintiff asserts that here, as in *Goers*, consideration can be given to action in regard to the defendant's permission to operate. There the action was the stay of the license revocation. Here, it was the issuance of the RDPs. We recognize that the stay here did give temporarily continuing validity to the RDPs, but those RDPs were sufficiently related to the request for a new RDP to be considered in connection with determining the nature of a stay pending review of the denial of a new RDP.

No case has been called to our attention which involves the temporary grant of some sort of a license pending the determination of whether a new license shall be granted. The closest cases, such as *Go-*

*ers*, focus upon stays of orders revoking a license. Plaintiff draws analogy to *Cahokia Sportservice, Inc. v. Illinois Liquor Control Comm'n* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276, where the appellate court affirmed a stay order continuing a liquor license in effect pending judicial review of the Illinois Liquor Control Commission's revocation of the license. That court described the circuit court's power to stay administrative orders as including the "traditional powers of a court of chancery to implement the stay until final disposition of the case, by issuance of an injunction" (*Cahokia Sportservice*, 32 Ill. App. 3d at 805, 336 N.E.2d at 280) and described the effect of the stay as being "to prevent the licensing commission from denying the party [whose license was revoked] the benefits of a license" until final decision (*Cahokia Sportservice*, 32 Ill. App. 3d at 806, 336 N.E.2d at 280).

The Secretary does not dispute that the record here was such that the circuit court could find that plaintiff would suffer a hardship if restricted driving privileges were not granted pending review and that a fair question existed as to whether plaintiff will ultimately be found to be entitled to a new RDP. If the office of a stay is to give an injunctive type of temporary relief, that relief can include that of a mandatory nature, as ordered here, as well as that of a prohibitory nature as provided for in *Goers* and *Cahokia Sportservice*. We conclude that to prohibit the circuit court from granting a stay of the type ordered here (1) because the existing RDPs were insufficiently connected to the request for a new RDP, or (2) because they would expire soon after the administrative action and had expired at the time of the entry of the stay, *would be too technical to be fair*.

Accordingly, we affirm the order for a stay.

Affirmed.

COOK and LUND, JJ., concur.