# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Health Alliance Medical Plans, Inc. v. Department of Healthcare & Family Services*, 2011
IL App (4th) 110495

---

| | |
|---|---|
| Appellate Court Caption | HEALTH ALLIANCE MEDICAL PLANS, INC., an Illinois Domestic Stock Insurance Corporation, Plaintiff-Appellee, v. THE DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES; JULIE HAMOS, in Her Official Capacity as Director of The Department of Healthcare and Family Services; THE EXECUTIVE ETHICS COMMISSION; MATT BROWN, in His Official Capacity as Chief Procurement Officer of The Illinois Executive Ethics Commission; THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES; and JAMES P. SLEDGE, in His Official Capacity as Director of Central Management Services, Defendants-Appellants, and HEALTH CARE SERVICE CORPORATION, as Parent Company of BlueCross BlueShield of Illinois; BLUECROSS BLUESHIELD OF ILLINOIS BLUE ADVANTAGE; BLUECROSS BLUESHIELD OF ILLINOIS HMO ILLINOIS; PERSONAL CARE INSURANCE OF ILLINOIS, INC.; and HEALTHLINK HMO, INC., Defendants, and HUMANA HEALTH PLAN, INC.; and HUMANA INSURANCE COMPANY, Defendants-Appellees.–HEALTH ALLIANCE MEDICAL PLANS, INC., Plaintiff-Appellee, v. PERSONAL CARE INSURANCE OF ILLINOIS, INC., THE DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES; JULIE HAMOS, in Her Official Capacity as Director of the Department of Healthcare and Family Services; THE EXECUTIVE ETHICS COMMISSION; MATT BROWN, in His Official Capacity as Chief Procurement Officer of the Illinois Executive Ethics Commission; THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES; JAMES P. SLEDGE, in His Official Capacity as Director of Central Management Services; and HEALTHLINK HMO, INC., Defendants-Appellants, and HEALTH CARE SERVICE CORPORATION, as Parent Company of BlueCross BlueShield of Illinois; BLUECROSS BLUESHIELD OF ILLINOIS BLUE ADVANTAGE; and BLUECROSS BLUESHIELD OF ILLINOIS HMO ILLINOIS, Defendants. |

| District & No. | Fourth District |
| | Docket Nos. 4-11-0495, 4-11-0545 cons. |

| Filed | August 3, 2011 |
| Modified upon | |
| denial of rehearing | September 12, 2011 |

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

The trial court properly entered an order staying the Department of Healthcare and Family Services' awards of contracts for open-access-plan health insurance to state employees pending the ultimate determination of plaintiff's action for administrative review, since the trial court had jurisdiction under the Administrative Review Law and the findings that a stay was appropriate, did not endanger the public, and was not contrary to public policy and that plaintiff would likely succeed on the merits were not an abuse of discretion.

Decision Under Review

Appeal from the Circuit Court of Sangamon County, No. 11-MR-250; the Hon. Brian T. Otwell, Judge, presiding.

Judgment

Affirmed.

Counsel on Appeal

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellants.

Scott T. Schutte, Gregory T. Fouts, and Tedd M. Warden, all of Morgan, Lewis & Bockius LLP, of Chicago, and Neal F. Perryman and David W. Gearhart, both of Lewis, Rice & Fingersh, L.C., of St. Louis, Missouri, for appellants Personal Care Insurance of Illinois, Inc., and Healthlink HMO, Inc.

R. Mark Mifflin, David A. Herman, Christopher E. Sherer, and Melissa G. Steward, all of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellee Health Alliance Medical Plans, Inc.

William A. Chittenden III, David J. Novotny, and Craig M. Bargher, all of Chittenden, Murday & Novotny LLC, of Chicago, and Steve W. Kinion, of Zack Stamp, Ltd., of Springfield, for appellees Humana Health Plan, Inc., and Humana Insurance Company.

Panel          JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Presiding Justice Knecht and Justice Cook concurred in the judgment and opinion.

## OPINION

¶ 1      On June 6, 2011, Health Alliance Medical Plans, Inc. (Health Alliance), filed a complaint (1) challenging the decision by the director of the Department of Healthcare and Family Services (DHFS) not to renew its contract to provide open-access-plan (OAP) health insurance to state employees and (2) requesting a stay pending the outcome of its challenge. On June 10, 2011, the circuit court entered an order staying the awards of the OAP contracts "pending the ultimate determination" of this action for administrative review.

¶ 2      DHFS (No. 4-11-0495) and PersonalCare Insurance of Illinois, Inc. (PersonalCare) (No. 4-11-0545) (collectively appellants), appeal, arguing that the circuit court erred by granting Health Alliance's motion for stay pending administrative review. We disagree and affirm.

¶ 3                      I. BACKGROUND
¶ 4            A. State Employees Group Insurance Act of 1971
¶ 5      The State Employees Group Insurance Act of 1971 (Insurance Act) (5 ILCS 375/1 through 17 (West 2010)) provides that it is the State's policy to assure "quality benefits" for state employees. See 5 ILCS 375/5 (West 2010). To effectuate that policy, the Insurance Act requires the director of the Department of Central Management (CMS) to contract for–or otherwise make available–health benefits for those employees. 5 ILCS 375/5 (West 2010). (In April 2005, however, the Governor signed an executive order, transferring the responsibilities related to state health-care purchasing under the Insurance Act from the

director of CMS to the director of DHFS.) The Insurance Act further provides that with respect to self-insurance, the director must seek the "advice and consent" of the Commission on Government Forecasting and Accountability (COGFA). 5 ILCS 375/6.2 (West 2010). COGFA is a legislative support services agency, the membership of which consists of a bipartisan group of 12 members of the General Assembly appointed by the leadership of the General Assembly as provided by statute (25 ILCS 130/1-5(3) (West 2008) (as amended by Pub. Act 96-959 (eff. July 1, 2010))). Among its many duties, COGFA is charged with studying and providing the General Assembly with information on economic development and fiscal trends in Illinois and on the operations of state government, recommending state fiscal and economic policies to improve the functioning of state government, and developing a three-year budget forecast for the State, including opportunities and threats concerning anticipated revenues and expenditures (25 ILCS 155/3(1) through (3), (12), (14) (West 2010) (as amended by Pub. Act 96-958 (eff. July 1, 2010))). COGFA is also charged with overseeing the administration of the State Employees' Group Insurance Program. See 5 ILCS 375/4, 5 (West 2010).

¶ 6                      B. The Types of Health Insurance the State Provides

¶ 7        The State provides health insurance benefits in two ways: (1) through managed-care plans, which include (a) health maintenance organizations (HMOs) and (b) OAPs, and (2) through preferred provider organizations (PPOs). The State self-insures the OAPs and the PPOs, which means that the State contracts with the OAPs and PPOs to administer the plans but otherwise (1) assumes all the risks and (2) pays the claims made under those plans. In contrast to the OAPs and PPOs, the State fully insures the HMOs, which means that the State pays each HMO a fixed fee, including a risk premium, and the HMO administers the plans and assumes all the risks and pays the claims made under each plan.

¶ 8                      C. The Procedural History of This Case

¶ 9                      1. *The Underlying Contracts*

¶ 10       Beginning in September 2010, DHFS issued requests for insurance proposals, seeking proposals from organizations to administer OAPs and/or HMOs beginning July 1, 2011. Health Alliance and Humana Health Plan, Inc. (Humana)–organizations that were administering plans for the State at that time–submitted bids to continue to administer OAPs and HMOs.

¶ 11       In April 2011, DHFS issued a notice of intent to award (1) OAP contracts to HealthLink HMO, Inc. (HealthLink), and PersonalCare Insurance of Illinois, Inc. (PersonalCare), and (2) HMO contracts to organizations owned by BlueCross BlueShield of Illinois (BlueCross). As unsuccessful bidders, Health Alliance and Humana filed protests with the State's chief procurement officer, and the contract awards were stayed pursuant to the Administrative Code (44 Ill. Adm. Code 1.5550(d) (2011)) until their protests were resolved.

¶ 12       While those protests were pending, COGFA, in response to the changes in health insurance administrators, held a series of hearings on the subject of whether the State should allow self-insurance plans. In conjunction with those hearings, COGFA's co-chairpersons

requested an opinion from the Illinois Attorney General regarding the extent of authority granted COGFA under the Insurance Act. Specifically, the co-chairpersons requested the Attorney General's opinion regarding the phrase contained in section 6.2 of the Insurance Act that when the director, "with advice and consent of [COGFA]," determines that it would be in the best interests of the State and its employees, the program of health benefits may be administered with the State as a self-insurer in whole or in part. Shortly thereafter, the Attorney General responded that the phrase "with advice and consent of [COGFA]" confers upon COGFA "the authority to review and approve or disapprove the recommendation that the State act as a self-insurer, in whole or in part, for health benefits."

¶ 13    On May 24, 2011, six days later, the State's chief procurement officer denied the protests of Health Alliance and Humana.

¶ 14    The next day, COGFA declined to approve the expansion and continuation of self-insurance by the State through the OAPs in PersonalCare and HealthLink. Shortly thereafter, DHFS nevertheless awarded the OAP contracts to PersonalCare and HealthLink, as outlined in its notice of intent to award.

¶ 15            2. *Health Alliance's Complaint and the Proceedings Below*

¶ 16    On June 6, 2011, Health Alliance filed (1) a verified complaint, naming DHFS; Julie Hamos, in her official capacity as director of DHFS; the Executive Ethics Commission (the Commission); Matt Brown, in his official capacity as chief procurement officer of the Commission; CMS; James P. Sledge, in his official capacity as director of CMS; Health Care Service Corporation as Parent Company of BlueCross; Bluecross Blueshield of Illinois Blue Advantage; Bluecross Blueshield of Illinois HMO Illinois; Humana; Humana Insurance Company; PersonalCare; and Healthlink, seeking *mandamus* relief, administrative review, declaratory judgment, and review of the procurement officer's denial, and (2) a motion for stay or temporary restraining order (Sangamon County case No. 11-MR-250). The next day, Humana, like Health Alliance, filed a complaint, raising similar issues but also seeking an order to force DHFS to award it OAP and HMO contracts (Sangamon County case No. 11-MR-259). (Humana later voluntarily dismissed its complaint.)

¶ 17    On June 10, 2011, the circuit court issued a seven-page written order staying the awards of the OAP contracts "pending the ultimate determination of [p]laintiffs' actions *** for administrative review," finding, in pertinent part, as follows:

> "The action of COGFA on May 25, 2011, in deciding to refuse advice and consent for DHFS to continue the award of self-insurance contracts provides more than sufficient basis for predicting success on the merits. COGFA is charged by law with overseeing the administration of the State Insurance Program. ***
>
> Prior to its ruling on May 25, 2011, COGFA sought the opinion of the Attorney General as to the extent of its authority under [Illinois law]. The Attorney General responded by opinion letter dated May 18, 2011, *** which clearly supports the position of *** [p]laintiffs that the determination by DHFS to proceed after May 25, 2011, with the award of self-insurance contracts violates [the Insurance Act]."

As part of its order, the court denied all of the other relief requested.

¶ 18    Shortly thereafter, DHFS and PersonalCare filed separate interlocutory appeals (Nos. 4-11-0495 and 4-11-0545, respectively), which this court later consolidated.

¶ 19                              II. ANALYSIS

¶ 20     Appellants argue that the circuit court erred by granting Health Alliance's motion for stay pending administrative review. We disagree.

¶ 21                     A. The Circuit Court's Jurisdiction

¶ 22    Initially, we note that as part of its argument, DHFS contends that the circuit court lacked jurisdiction to grant the stay under section 3-111(a)(1) of the Administrative Review Law (Review Law) (735 ILCS 5/3-111(a)(1) (West 2010)) because the Review Law does not apply to state contract awards. Specifically, DHFS asserts that because the chief procurement officer, rather than the director of DHFS, took the action complained of, no "administrative decision" was made that would merit review under the Review Law. We are not persuaded.

¶ 23    The Review Law applies to "every action to review judicially a final decision of any administrative agency where the Act *** conferring power on such agency, by express reference, adopts the provisions of [a]rticle III of [the Review Law] or its predecessor, the Administrative Review Act." 735 ILCS 5/3-102 (West 2010). As previously stated, the Insurance Act confers upon the DHFS director the power to "contract or otherwise make available group life insurance, health benefits and other employee benefits." 5 ILCS 375/5 (West 2010). Moreover, the Insurance Act expressly adopts the Review Law, as follows:

> "Any final order, decision or other determination made, issued or executed by the Director under the provisions of this Act whereby any contractor or person is aggrieved shall be subject to review in accordance with the provisions of the [Review Law] and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Director." 5 ILCS 375/15(h) (West 2010).

¶ 24    Although the State's chief procurement officer denied Health Alliance's protest, the Insurance Act confers upon the DHFS director the power to make the final determination–with the advice and consent of COGFA–as to which insurance providers the OAP contracts should be awarded–which is precisely what the DHFS director did in this case. We further note that the circuit court denied all relief other than the stay pending administrative review of the director's decision regarding self-insurance, which was made in disregard of COGFA's explicit decision to withhold its "advice and consent." Thus, the decision of the State's chief procurement officer is not before us in this appeal. Accordingly, we conclude the circuit court properly exercised jurisdiction under the Review Law.

¶ 25                 B. Appellants' Claim That the Circuit Court
                        Erred by Granting the Motion for Stay

¶ 26    Having concluded that the circuit court properly exercised jurisdiction in this case, we turn to appellants' contention that the circuit court erred by granting Health Alliance's

motion for stay pending administrative review.

¶ 27                    1. *The Circuit Court's Power To Issue a Stay*
                             *and the Standard of Review*

¶ 28    Section 3-111(a)(1) of the Review Law (735 ILCS 5/3-111(a)(1) (West 2010)) outlines the power of the circuit court to stay the decision of an administrative agency, pending administrative review, as follows:

> "(a) The Circuit Court has power:
>
>    (1) with or without requiring bond ***, and before or after answer filed, upon notice to the agency and good cause shown, to stay the decision of the administrative agency in whole or in part pending the final disposition of the case. For the purpose of this subsection, 'good cause' requires the applicant to show (i) that an immediate stay is required in order to preserve the status quo without endangering the public, (ii) that it is not contrary to public policy, and (iii) that there exists a reasonable likelihood of success on the merits[.]"

¶ 29    "Section 3-111(a)(1) of the [Review Law] gives the circuit court broad discretion to stay an administrative decision pending review." *Metz v. Department of Professional Regulation*, 332 Ill. App. 3d 1033, 1035, 773 N.E.2d 1234, 1236 (2002). Thus, our standard of review is highly deferential, and the circuit court's decision to grant a stay will be reversed only upon a finding of an abuse of discretion. *Metz*, 332 Ill. App. 3d at 1035, 773 N.E.2d at 1236 (citing *Marsh v. Illinois Racing Board*, 179 Ill. 2d 488, 498, 689 N.E.2d 1113, 1119 (1997)).

¶ 30                    2. *The Circuit Court's Order To Stay in This Case*

¶ 31                         a. Preserving the Status Quo

¶ 32    As previously outlined, section 3-111(a)(1)(i) of the Review Law requires that the circuit court find that an immediate stay is necessary to preserve the status quo without endangering the public. 735 ILCS 5/3-111(a)(1)(i) (West 2010). The status quo is "the last actual, peaceful, non-contested status which preceded the pending controversy." (Internal quotations marks omitted.) *Markert v. Ryan*, 247 Ill. App. 3d 915, 918, 617 N.E.2d 1373, 1376 (1993).

¶ 33    Here, the circuit court found that preserving the status quo at the time of Health Alliance's lawsuit–which sought to have the health benefits to state employees continue to be administered as they had been to that point–was appropriate and did not endanger the public. Our review of the record shows that the court's finding in that regard was not an abuse of discretion.

¶ 34                         b. Protecting Public Policy

¶ 35    Next, section 3-111(a)(1)(ii) of the Review Law requires that the circuit court find that a stay is not contrary to public policy. 735 ILCS 5/3-111(a)(1)(ii) (West 2010). "Questions of public policy *** are ultimately left for resolution by the courts." *American Federation of State, County & Municipal Employees v. Department of Central Management Services*,

173 Ill. 2d 299, 318, 671 N.E.2d 668, 678 (1996). "Illinois courts have recognized our state's public policy of protecting the physical health and safety of its citizens." *Metz*, 332 Ill. App. 3d at 1036, 773 N.E.2d at 1237.

¶ 36　　Given the facts of this case, we conclude that the circuit court did not abuse its discretion by finding that the stay was not contrary to public policy. Indeed, preserving the status quo pending the outcome of this litigation supports the public policy of ensuring that state employees affected by DHFS's decision would (1) understand the scope of their health insurance coverage and (2) be assured coverage in all 102 Illinois counties.

¶ 37　　　　　　　　　c. The Likelihood of Success on the Merits

¶ 38　　Finally, section 3-111(a)(1)(iii) of the Review Law requires that the trial court find "that there exists a reasonable likelihood of success on the merits." 735 ILCS 5/3-111(a)(1)(iii) (West 2010).

¶ 39　　Here, as the trial court pointed out, DHFS ignored COGFA's decision to deny the expansion and continuation of self-insurance by the State through PersonalCare and HealthLink. We agree with the Attorney General's opinion that COGFA possesses the authority to make that determination. DHFS asserts that "COGFA *** is not authorized to pick and choose [which health insurance providers to contract with] *** because the statute limits its authority to making general determinations." DHFS's position, however, would render merely hortatory the "advice and consent" language of section 6.2 of the Insurance Act. We note that the phrase "advice and consent" has long been understood as allowing legislative bodies the power to reject executive actions, such as appointing judges or high ranking officers in the executive branch of government. See, for example, *Edmond v. United States*, 520 U.S. 651, 659-60 (1997) (explaining that the advice and consent language of article II of the United States Constitution (U.S. Const., art. II, § 2, cl. 2) vests the President with the power to make appointments to such positions but reserves for the Senate the power to reject individual appointees).

¶ 40　　Accordingly, we conclude that the circuit court did not abuse its discretion by finding that Health Alliance would likely succeed on the merits on administrative review.

¶ 41　　In closing, we commend the circuit court for its thoughtful written order, which we found very helpful.

¶ 42　　　　　　　　　　　III. CONCLUSION

¶ 43　　For the reasons stated, we affirm the circuit court's judgment.

¶ 44　　Affirmed.